ELIZABETH BARNSLEY WHITE, BY HER GUARDIAN AD LITEM, SUZANNE LEWIS BROWN v. DAVID EAGLE WHITE, JR.

SUZANNE LEWIS BROWN v. DAVID EAGLE WHITE, JR.

No. 8410DC751

(Filed 16 July 1985)

**Limitation of Actions § 4— conversion—accrual of cause of action—locks changed on doors after separation**

The trial court erred by ruling that the three year statute of limitations began to run in an action for conversion of former marital property when the parties separated in July of 1979 where there was no evidence that plaintiff manifestly intended to abandon property left at the former marital home or that defendant exercised unauthorized dominion over it to her exclusion until later in September, when defendant changed the locks on the residence after plaintiff asserted her continuing interest in the property and her desire to recover it at some future time. G.S. 1-52.

APPEAL by plaintiffs from *Cashwell, Judge*. Judgment entered 24 February 1984 in District Court, WAKE County. Heard in the Court of Appeals 12 March 1985.

*Hunter, Wharton & Howell by John V. Hunter, III, for plaintiff appellants.*

*Jack P. Gulley for defendant appellee.*

COZORT, Judge.

Defendant and plaintiff Suzanne Lewis Brown separated on 18 July 1979 after seventeen years of marriage. Their divorce was granted in October of 1980. Sometime after 10 September 1979, the plaintiff returned to their former residence to remove some personal property, but found that the defendant had changed the locks on the house, preventing her from obtaining her property inside. Plaintiff filed two actions for conversion on 17 August 1982 for herself and on behalf of her minor daughter. These actions were later consolidated for trial. The defendant responded that the plaintiffs' actions were barred by G.S. 1-52, the three-year statute of limitations. At trial, the court agreed with the defendant and ruled that because the statute of limitations began to run at the time the parties separated in July of 1979, plaintiff Brown's action was barred. On appeal this plaintiff contends that the statute did not begin to run until the locks were actually changed in September of 1979. We agree with the plaintiff's contention and reverse the trial court's dismissal. The facts follow.

David White and Suzanne White (now Brown) were married in 1962 and had two children. On 18 July 1979, they separated and plaintiff Brown moved with one child from their marital residence. She returned to the house on 10 September 1979 and removed some of her personal property. She explained to the defendant that since she did not have room for all of her things in her apartment, she was leaving some of her things in the house. Plaintiff Brown later visited the defendant at work and complained that if he was not going to take care of her property, she would have it stored elsewhere. According to plaintiff Brown, the defendant responded that he would see her in hell first. When plaintiff Brown again returned to the house later in September or possibly early October, she discovered the locks on the house had been changed.

Defendant has admitted in his brief and at oral argument that the statute of limitations was tolled in the action by his minor daughter. Thus, the sole issue for our consideration is whether the statute of limitations for the claims of plaintiff Brown began running at the date of her separation from defendant (18 July 1979), or whether it commenced at the time she was

denied access to the property at issue sometime in September 1979.

G.S. 1-52(4) provides a statute of limitations of three years for an action "for taking, detaining, converting, or injuring any goods or chattels, including action for their specific recovery." The period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the alleged wrong accrues. *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E. 2d 693, *disc. rev. denied*, 297 N.C. 176, 254 S.E. 2d 39 (1979).

The Supreme Court of North Carolina has defined conversion as

> the unauthorized assumption and exercise of the right of ownership over the goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.

*Spinks v. Taylor and Richardson v. Taylor Co.*, 303 N.C. 256, 264, 278 S.E. 2d 501, 506 (1981). This court has noted that there can be no conversion until some act is done that is a denial or violation of the owner's dominion over or rights in the property. *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975).

In the case *sub judice*, plaintiff is claiming property she owned prior to her marriage to defendant and property acquired by them during their marriage. Thus, for a long time, the property had been situated on real property jointly owned by the parties. When the parties separated and plaintiff moved to a smaller apartment with limited storage space, defendant retained lawful possession of the goods at the marital residence. At the time of separation (18 July 1979), there was no evidence that she manifestly intended to abandon the property or that defendant exercised unauthorized dominion over it to her exclusion. Those acts occurred later in September when, after plaintiff asserted her continuing interest in the remaining property and her desire to remove it at some future time, defendant changed the locks on the residence.

In *Hoch v. Young*, 63 N.C. App. 480, 305 S.E. 2d 201, *disc. rev. denied*, 309 N.C. 632, 308 S.E. 2d 715 (1983), this Court upheld a jury finding that the statute of limitations did not commence until the defendant refused to return the property in question:

"Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of the tort."

*Id.* at 483, 305 S.E. 2d at 203, citing Prosser, *The Law of Torts* Sec. 15 (4th ed. 1971). On the record before us, the plaintiff's demand and the defendant's wrongful refusal did not occur until after 10 September 1979. Thus, we hold her 17 August 1982 action for conversion was not barred by G.S. 1-52, the three-year statute of limitations. The trial court's dismissal of the plaintiff's action is therefore

Reversed.

Judges ARNOLD and PHILLIPS concur.