MORRIS ATKINS AND WIFE, CECILIA ATKINS; WILLIAM A. BANKS; EARL
YOUNG AND WIFE, BETTY YOUNG; WILLIAM R. BANKS; AND SHEREE L.
BANKS WATSON, PLAINTIFFS v. FONDREN MITCHELL AND WIFE, MARY
ELIZABETH MITCHELL; AND R. LEE SMITH, TRUSTEE, DEFENDANTS

No. 8824SC271

(Filed 1 November 1988)

1. **Contracts § 27.2— contract to purchase shares of stock—breach—condition of
performance met—summary judgment proper**

   Plaintiffs were entitled to summary judgment in their action for breach of
an agreement to purchase shares of stock from plaintiffs where defendant con-
tended that, because of an "understanding" reached with one plaintiff, de-
fendant's performance was conditioned upon a sale of the corporation or a
substantial portion of its assets, but defendant's affidavit showed that at the
time of the hearing on plaintiffs' motion, the condition had been met.

2. **Corporations § 18; Uniform Commercial Code § 37.7— contract to purchase
shares of stock—breach—allegations as to damages sufficient**

   In plaintiffs' action for breach of an agreement to purchase shares of stock
where plaintiffs sought damages of $1,054,916.80, stating that it "represent[ed]
the aggregate contract purchase price," they clearly and sufficiently stated
their claim to recover the purchase price under N.C.G.S. § 25-8-107 (1986), and
there was no merit to defendant's contention that, because plaintiffs did not
specifically cite the statute in their complaint, they were foreclosed from seek-
ing the contract price remedy and could recover only the more traditional
measure of the difference between fair market value and unpaid contract
price.

3. **Corporations § 18; Uniform Commercial Code § 37.7— contract to purchase
shares of stock—breach—efforts to resell securities burdensome—readily avail-
able market—questions of fact—summary judgment improper**

   In an action to recover damages for breach of an agreement to purchase
shares of stock, a genuine issue of material fact existed regarding whether ef-
forts at reselling the securities would be unduly burdensome or whether there
was a readily available market for their resale, and the trial court therefore
erred in entering summary judgment for plaintiffs. N.C.G.S. § 25-8-107(2)
(1986).

APPEAL by defendant Fondren Mitchell from *Lamm, Charles
C., Judge.* Order entered 4 November 1987 in MADISON County

Superior Court. Heard in the Court of Appeals 26 September 1988.

Plaintiffs brought this action asserting three claims for relief: (1) against defendant Fondren Mitchell for breach of agreements to purchase shares of stock from plaintiffs, (2) to set aside alleged fraudulent property transfers to Mrs. Mitchell, and (3) to set aside alleged fraudulent property transfers to defendant Smith. Following discovery, the trial court granted summary judgment in favor of plaintiffs against defendant Fondren Mitchell in the sum of $1,054,916.80. The claims against the other two defendants are still pending, awaiting the outcome of this appeal.

Plaintiffs' forecast of evidence before the trial court tended to show that defendant Fondren Mitchell entered into written agreements with plaintiffs wherein he agreed to purchase from plaintiffs a total of 753,512 shares of stock in Bald Mountain Development Corporation at a price of $1.40 per share, the purchase to be closed no later than 9 September 1985. Defendant failed or refused to purchase the stock. By affidavit of plaintiff Young, plaintiffs asserted that there was no readily available market for the stock and that reasonable efforts to resell the stock for a reasonable price had failed.

In opposition to plaintiffs' motion for summary judgment, defendant filed an affidavit in which he asserted that there was an "understanding" between him and plaintiff William Banks, who represented the other plaintiffs in the negotiations, and that "the sale of the corporation or a substantial portion of its assets was a condition to my obligation to [purchase] the stock." In the same affidavit, defendant related that a substantial portion of the Corporation's assets were sold in 1987.

*Bailey and Bailey, by G. D. Bailey and J. Todd Bailey, for plaintiff-appellees.*

*Adams, Hendon, Carson, Crow & Saenger, P.A., by George W. Saenger, for defendant-appellant Fondren Mitchell.*

WELLS, Judge.

Although the trial court's judgment did not dispose of all claims between all parties and did not provide that there was no just reason for delay, N.C. Gen. Stat. § 1A-1, Rule 54(b) of the

Rules of Civil Procedure, the entry of a money judgment against defendant involves a substantial right under N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1986) entitling defendant to appeal. *See Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E. 2d 667 (1977); *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92, --- S.E. 2d --- (1980).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure. Defendant contends that there exist genuine issues of material fact both as to defendant's alleged breach of the agreements and as to plaintiffs' available remedies for a breach.

[1] As to the alleged breach, defendant does not dispute the execution of the agreements or the failure of defendant to perform, but contends that because of the "understanding" reached between defendant and plaintiff Banks, defendant's performance was conditioned upon a sale of Bald Mountain Development Corporation or a substantial portion of its assets. Assuming that defendant was entitled to assert such an oral condition precedent, *see Bailey v. Westmoreland*, 251 N.C. 843, 112 S.E. 2d 517 (1960) and *Van Harris Realty, Inc. v. Coffey*, 41 N.C. App. 112, 254 S.E. 2d 184 (1979), even though defendant did not plead this defense in his answer, *see North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976), defendant's affidavit showed that at the time of the hearing on plaintiffs' motion, the condition had been met. We hold that plaintiffs were entitled to partial summary judgment as to defendant's breach.

Defendant also contends that there exist genuine issues of a material fact relating to damages, *i.e.*, plaintiffs' remedies for the breach. Plaintiffs sought to recover and obtained summary judgment for the contract price of the stock, *i.e.*, the price set out in the agreements. Defendant's argument asserts that whether plaintiffs are entitled to the contract price or to the difference between the fair market value of the stock and the contract price is a question of fact. We agree.

[2]  N.C. Gen. Stat. § 25-8-107 (1986) (Uniform Commercial Code) permits, with qualifications to be discussed below, the seller of securities under a contract for sale to recover the purchase price of securities not accepted by the buyer. Defendant initially contends that because plaintiffs did not specifically cite this statute in their complaint, they are foreclosed from seeking the contract price remedy and can recover only the more traditional measure of the difference between fair market value and unpaid contract price. We disagree.

Rule 8(a)(2) of the North Carolina Rules of Civil Procedure requires only that a pleading contain "[a] demand for judgment for the relief to which [the party] deems himself entitled." This language does not necessitate including the specific statute authorizing a particular measure of damages, nor does § 25-8-107 require by its own terms that it be specifically pleaded. Plaintiffs included a prayer for damages in the amount of $1,054,916.80, stating that it "represent[ed] the aggregate contract purchase price," clearly indicating their intention to seek the UCC remedy. We hold this sufficient to state plaintiffs' claim to recover the purchase price under N.C. Gen. Stat. § 25-8-107 (1986). We reject defendant's argument.

[3]  Finally, defendant contends that a genuine issue of material fact exists regarding whether efforts at reselling the securities would be unduly burdensome or whether there is a readily available market for their resale. N.C. Gen. Stat. § 25-8-107(2) (1986) provides:

> (2) When the buyer fails to pay the price as it comes due under a contract of sale the seller may recover the price
>
> (a) of securities accepted by the buyer; and
>
> (b) of other securities if efforts at their resale would be unduly burdensome or if there is no readily available market for their resale.

Plaintiffs' affidavit stated only in conclusory fashion that there was no readily available market for the securities and that reasonable efforts to resell them for a reasonable price had failed. They forecasted no evidence regarding actual efforts in finding a market or a buyer to support this assertion, however, and therefore failed to demonstrate the absence of a material issue of fact.

The trial court erred in granting plaintiffs' motion for summary judgment on the ground that they were entitled to recover the remedy of N.C. Gen. Stat. § 25-8-107(2) (1986) as a matter of law.

Resolving the questions of whether efforts at resale would be *unduly* burdensome or whether there is a *readily* available market for resale requires weighing facts rather than solely applying legal principles. These determinations are fact-based and do not lend themselves to disposition by summary judgment. "Whether there is a readily available market for resale is a question of fact." W. Hawkland, Uniform Commercial Code Series § 8-107:03 (Callaghan 1987) (*citing Taylor v. Gross*, 264 Md. 711, 288 A. 2d 134 (1972)). Issues of availability of a market and ease of resale must be resolved by a trier of fact.

We hold that while plaintiffs are entitled to partial summary judgment as to defendant's breach, this case must be remanded for further proceedings on the issue of damages.

Affirmed in part, reversed in part and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.