ESTATE OF MONROE M. REDDEN, JR. DECEASED, by E.K. MORLEY,
ADMINISTRATOR CTA, PLAINTIFF v. BARBARA JEAN REDDEN, DEFENDANT

No. COA05-1202

(Filed 1 August 2006)

**1. Appeal and Error— appealability—partial summary judg-
ment—immediate payment of substantial sum of money—
substantial right**

Although defendant's appeal from the trial court's grant of
partial summary judgment is generally an appeal from an inter-
locutory order, this appeal is immediately appealable because the
entry of a money judgment against defendant involves a substan-
tial right when defendant must make immediate payment of a
substantial sum of money.

**2. Conversion—    payable-on-death    account—summary
judgment**

The trial court did not err by granting partial summary judg-
ment in favor of plaintiff estate on a conversion claim, because:
(1) no issue of fact exists as to defendant's liability for conversion
of the funds in a payable-on-death (POD) account, and plaintiff
has not waived the objection to defendant's testimony regarding
oral communications of the deceased based on the Dead Man's
Statute under N.C.G.S. § 8C-1, Rule 601 by failing to make it at the
deposition since the objection would not have been obviated or
removed if presented during the deposition; (2) the deceased was
the sole owner of the POD account, defendant was merely the
designated beneficiary of the account, and defendant has no own-
ership interest in the funds in the POD account at the time she
transferred the funds since it took place while the deceased was
still alive; and (3) defendant has pointed to no admissible evi-
dence that her transfer and expenditure of the funds in excess of
$10,000 was authorized by the deceased who was the owner of
the funds.

**3. Damages and Remedies— amount of damages—gift**

The trial court's order awarding the flat amount of $150,000
for damages is reversed and remanded for further proceedings
regarding the amount of the award, because: (1) the evidence
seems to suggest that the missing amount was $778.71 greater;
and (2) the parties appear to agree that defendant was authorized

to make a gift to herself of $10,000 which would seem to support damages of $140,778.71.

Appeal by defendant from order entered 27 June 2005 by Judge Laura J. Bridges in Henderson County Superior Court. Heard in the Court of Appeals 29 March 2006.

*Law Offices of E.K. Morley, by E.K. Morley, for plaintiff-appellee.*

*Long, Parker, Warren & Jones, P.A., by Philip S. Anderson, for defendant-appellant.*

JACKSON, Judge.

Barbara Jean Redden ("defendant") appeals from the trial court's order, entered 27 June 2005, granting partial summary judgment in favor of the Estate of Monroe M. Redden, Jr. ("plaintiff"), and ordering defendant to pay plaintiff the sum of one-hundred-fifty thousand dollars ($150,000.00) and costs.

Record evidence establishes the following: Monroe M. Redden Jr. ("decedent") maintained various bank accounts at First Union National Bank, including money market account number 1010044300784 ("Account 784") that was held only in decedent's name. In June 2000, decedent executed a Power of Attorney in favor of defendant, decedent's wife. On 16 May 2001, decedent designated defendant as the payable-on-death beneficiary ("POD beneficiary") of Account 784. Decedent never revoked or changed the POD beneficiary designation in favor of defendant on Account 784.

In September 2001, decedent was admitted to the hospital for health problems that eventually led to his death on 11 January 2002. On 21 September 2001, defendant established a bank account in her name only at First Union National Bank, account number 1010052958801 ("Account 801"). Also on the same day, defendant used her power of attorney to transfer $237,778.71 from Account 784 to Account 801. Defendant testified in her deposition that decedent had instructed her to transfer $237,778.71 from Account 784 to Account 801 in order for defendant to proceed with office work on decedent's behalf. Defendant stated that although decedent did not reduce his instructions to writing, he communicated his intention to her verbally. Subsequently, between 21 September 2001 and decedent's death on 11 January 2002, defendant returned approximately

ESTATE OF REDDEN v. REDDEN

[179 N.C. App. 113 (2006)]

$87,000.00 from her Account 801 to a separate account held solely in decedent's name. On the date of defendant's deposition, she stated that Account 801 had been closed since the money ran out, but she did not provide a specific date on which the account had closed or any accounting of the money.

On 20 October 2003, the clerk of Henderson County Superior Court admitted for probate decedent's Last Will and Testament. On 30 October 2003, the clerk issued letters of Administration CTA to E.K. Morley ("the Administrator"). On 12 February 2004, plaintiff filed a complaint on behalf of the Estate of Monroe M. Redden, Jr. against defendant. The complaint alleged that defendant had committed conversion, constructive fraud, and breach of fiduciary duty in connection with certain banking transactions.

On 16 April 2004, defendant filed her answer and counterclaim. On 4 May 2004, plaintiff filed a reply to defendant's counterclaim.

On 20 September 2004, plaintiff filed a motion for partial summary judgment alleging that there was no genuine issue of material fact relating to the ownership of $237,778.71 taken by defendant from Account 784 on 21 September 2001. In support of the motion, plaintiff offered defendant's deposition that she transferred $237,778.71 from Account 784 to Account 801. After a hearing on the motion, on 27 June 2005, the trial court entered partial summary judgment in favor of plaintiff and ordered defendant to pay plaintiff the sum of $150,000.00 plus costs. Defendant appeals to this Court.

[1] Because the trial court granted only partial summary judgment, its order did not dispose of the entire case, and the appeal is interlocutory. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (2005) (the order granting partial summary judgment is interlocutory), *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005); *see Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002) ("A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court."). An interlocutory order may be appealed immediately if: (1) it is final to a party or issue and the trial court certifies it for appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b), or (2) it affects a substantial right of the parties. N.C. Gen. Stat. § 1-277 (2005); *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 433-34 (1980). Here, the trial court did not certify the partial summary judgment order for appeal pursuant to North Carolina General Statutes, Section 1A-1, Rule 54(b).

" 'Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment.' " *Wachovia Realty Inv. v. Housing, Inc.*, 292 N.C. 93, 100, 232 S.E.2d 667, 672 (1977) (quoting *Stanback v. Stanback*, 287 N.C. 448, 453, 215 S.E.2d 30 (1975)). Appellants bear the burden of showing that the appeal is proper. *Johnson*, 168 N.C. App. at 518, 608 S.E.2d at 338. When an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P., Rule 28(b)(4) (2006). In addition, appellant must carry the burden of showing to this Court why the appeal affects a substantial right. *Johnson*, 168 N.C. App. at 518, 608 S.E.2d at 338 ("it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal"). "Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." *Id.*

In determining whether a substantial right is affected a two-part test has developed—"the right itself must be substantial and the deprivation of that substantial right must potentially work injury to [appellant] if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). A substantial right is a " 'legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right.' " *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (quoting Webster's Third New International Dictionary at 2280 (1971)).

Here, defendant asserts in her statement of grounds for appellate review that:

This appeal is taken from the Order, entered June 27, 2005, granting the Plaintiff partial summary judgment and ordering Defendant Barbara Redden "to pay to the Estate of MONROE M. REDDEN, JR., deceased, the sum of one hundred fifty thousand dollars ($150,000.00) and costs." The Order appealed affects a substantial right of Defendant Barbara Redden by ordering her to

**ESTATE OF REDDEN v. REDDEN**

[179 N.C. App. 113 (2006)]

make immediate payment of a significant amount of money; therefore, this Court has jurisdiction over the Defendant's appeal pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d). *Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E.2d 667 (1977); *Beck v. Am. Bankers Life Assurance Co.*, 36 N.C. App. 218, 243 S.E.2d 414 (1978); *Atkins v. Mitchell*, 91 N.C. App. 730, 373 S.E.2d 152 (1988).

Defendant has sufficiently established, under the controlling authority, that the order below affects a substantial right and that interlocutory review is, therefore, appropriate. Defendant has identified the basis for jurisdiction over this interlocutory appeal—a substantial right—and specified the controlling statutory and case law authority. *See Wachovia Realty*, 292 N.C. 93, 99, 232 S.E.2d 667, 671 (1977) ("[i]t is equally clear that the entry of the judgment that the plaintiff have and recover of Housing, Inc., $204,603.55 affects a substantial right of Housing, Inc."); *Atkins v. Mitchell*, 91 N.C. App. 730, 731-32, 373 S.E.2d 152, 153 (1988) ("Although the trial court's judgment did not dispose of all claims between all parties and did not provide that there was no just reason for delay, N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure, the entry of a money judgment against defendant involves a substantial right under N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1986) entitling defendant to appeal.") (citing *Wachovia Realty Invs. v. Housing, Inc.*, 292 N.C. 93, 232 S.E.2d 667 (1977)); *Beck v. American Bankers Life Assurance Co.*, 36 N.C. App. 218, 220, 243 S.E.2d 414, 416 (1978) (interlocutory appeal allowed when a judgment for commissions "appear[s] to contemplate that defendant must make immediate payment to plaintiff of a substantial sum of money . . . ."). Therefore, we may allow this appeal and determine whether the trial court erred in granting summary judgment in favor of plaintiff, and holding that defendant must pay plaintiff the sum of $150,000.00.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471,

597 S.E.2d 674, 694 (2004). We review an order allowing summary judgment *de novo. Id.* at 470, 597 S.E.2d at 693.

**[2]** On appeal, defendant contends that genuine issues of material fact exist as to whether: (1) decedent directed and authorized the transfer of $237,778.71 from the deceased's account to defendant's account; (2) the estate ratified that transfer by accepting the benefits of the transfer; and (3) defendant's transfer of the funds constituted a revocation of the trust imposed on the deceased's account.

Plaintiff has asserted a claim for conversion. Conversion is " 'the unauthorized assumption and exercise of the right of ownership over the goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' " *White v. White,* 76 N.C. App. 127, 129, 331 S.E.2d 703, 704 (1985) (quoting *Spinks v. Taylor,* 303 N.C. 256, 264, 278 S.E.2d 501, 506 (1981)). For the reasons stated below, we hold that no issue of fact exists as to defendant's liability for conversion of the funds in the POD account.

Defendant acknowledges that Rule 601 of the Rules of Evidence, North Carolina's Dead Man's Statute, precludes the admission of any testimony by defendant regarding oral communications of the deceased. Defendant argues, however, that defendant's testimony in her deposition suggesting that the decedent had orally directed defendant to use her power of attorney to transfer the funds creates an issue of fact. Defendant contends that this testimony is admissible because plaintiff's counsel, who was taking the discovery deposition, did not object to or move to strike the testimony. Pursuant to North Carolina Rule of Civil Procedure 32(d)(3)(a), however, plaintiff's counsel was not required to make the objection at the deposition: "Objections to . . . the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time." Since an objection based on Rule 601 would not "have been *obviated or removed if presented*" during the deposition, plaintiff has not waived the objection by failing to make it at the deposition.

Defendant has made no argument and cited no authority other than this waiver argument that would support admission of her testimony regarding decedent's oral directions. Since defendant has not established the admissibility of this evidence pursuant to Rule 601(c), she cannot defeat plaintiff's motion for partial summary judgment. *See Van Reypen Assocs., Inc. v. Teeter,* 175 N.C. App. 535,

542, 624 S.E.2d 401, 406 (2006) ("Accordingly, the trial court properly granted the motion for summary judgment where no admissible materials were produced to show that there was a genuine issue of material fact.").

Defendant's final two arguments assume that plaintiff is not entitled to recover unless defendant's transfer of funds constituted a revocation of the trust arising from the payable on death account ("the POD account") established pursuant to North Carolina General Statutes, Section 53-146.2 (2005). This assumption is incorrect. An account established pursuant to North Carolina General Statutes, Section 53-146.2 "is a tentative trust, better known as a 'Totten Trust.' " *Jimenez v. Brown*, 131 N.C. App. 818, 824, 509 S.E.2d 241, 246 (1998), *disc. review denied*, 350 N.C. 96, 533 S.E.2d 466 (1999). "With this type of account the depositor retains complete control over the funds until his death, the trust is fully revocable, and is revoked in part each time the settlor withdraws funds from the account. *Id.* at 824-25, 509 S.E.2d at 246.

It is undisputed that the deceased was the sole owner of the POD account and that defendant was merely the designated beneficiary of the account. North Carolina General Statutes, Section 53-146.2(a)(6) provides: "Prior to the death of the last surviving owner, no beneficiary shall have any ownership interest in a Payable on Death account." N.C. Gen. Stat. § 53-146.2(a)(6) (2005). Instead, "[f]unds in a Payable on Death account established pursuant to this subsection shall belong to the beneficiary or beneficiaries upon the death of the last surviving owner . . . ." N.C. Gen. Stat. § 53-146.2(a)(6). Accordingly, since the transfer took place while the deceased was still alive, defendant had no ownership interest in the funds in the POD account at the time that she transferred the funds. *See Jimenez*, 131 N.C. App. at 825, 509 S.E.2d at 246 (holding that the settlor of a POD account retains "total control" over the account with the result that "it is fully reachable by creditors" of the settlor).

The evidence is undisputed that defendant transferred the funds into an account in which she retained sole ownership and then spent $150,778.71 of those funds. In other words, she exercised the right of ownership over the funds. It also is undisputed that defendant's power of attorney only authorized her to make gifts to herself in an amount not to exceed $10,000.00. Finally, defendant has pointed to no admissible evidence that her transfer and expenditure of the funds in excess of $10,000.00 was authorized by the deceased, the owner of the funds. Accordingly, the trial court properly entered partial sum-

mary judgment against defendant on the claim of conversion with respect to the POD account.

[3] We, however, remand for further proceedings regarding the amount of damages. The trial court's order does not explain the basis for awarding the flat amount of $150,000.00 when the evidence seems to suggest that the missing amount was $778.71 greater. Further, the parties appear to agree that defendant was authorized to make a gift to herself of $10,000.00, which would seem to support damages of $140,778.71. Because the parties have not fully addressed this issue on appeal, we remand to the trial court to revisit the issue of damages.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges TYSON and GEER concur.