IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-938

Filed 2 July 2024

Mecklenburg County, No. 21 CVS 17412

JESSEY SPORTS, LLC, Plaintiff,

v.

INTERCOLLEGIATE MEN'S LACROSSE COACHES ASSOCIATION, INC., Defendant.

Appeal by Defendant from an order entered 20 June 2023 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 May 2024.

*Devore, Action & Stafford, P.A., by Joseph R. Pellington, for Plaintiff-Appellee.*

*Ekstrand & Ekstrand LLP, by Robert C. Ekstrand, for Defendant-Appellant.*

WOOD, Judge.

Intercollegiate Men's Lacrosse Coaches Association, Inc. ("Defendant") appeals the trial court's order imposing sanctions for what the trial court found were discovery violations. For the reasons stated herein, we hold the trial court had subject matter jurisdiction to enter the order and was statutorily authorized to impose discovery sanctions against Defendant.

## I. **Factual and Procedural History**

This litigation involves a contract the parties entered into in 2020 pursuant to which Jessey Sports, LLC ("Plaintiff") "would obtain sponsorships, grants, and other sources of revenue for the IMLCA for a term of five years" in return for Defendant's payment to Plaintiff of "$3,000 per month and thirty percent of net revenue received from sponsorships and grants obtained by" Plaintiff. *Jessey Sports, LLC v. Intercollegiate Men's Lacrosse Coaches Ass'n, Inc.*, 289 N.C. App. 166, 167, 888 S.E.2d 677, 679 (2023) ("*Jessey I*").

On 28 October 2021, Plaintiff filed a complaint against Defendant in which it advanced claims of breach of contract, unjust enrichment, unfair and deceptive trade practices ("UDTPA"), and alleged violations of the North Carolina Wage and Hour Act. On 18 January 2022, Defendant filed a motion to dismiss the complaint for failure to state a claim pursuant to N.C. R. Civ. P. 12(b)(6).

On 28 January 2022, Defendant filed a motion seeking an order staying discovery pending the trial court's ruling on Defendant's motion to dismiss. On 29 April 2022, the trial court granted Defendant's motion, ordering "that discovery in this action is stayed until entry of the Court's order on Defendant's Motion to Dismiss." The trial court ordered Defendant to respond to "Plaintiff's pending Discovery requests . . . within forty-five (45) days following the entry of the Court's order on Defendant's Motion to Dismiss."

On 27 May 2022, the trial court entered an order denying Defendant's motion to dismiss the breach of contract and UDTPA claims (the "remaining claims") and

granting its motion to dismiss the unjust enrichment and Wage and Hour Act claims (the "dismissed claims"). On 24 June 2022, Plaintiff filed notice of appeal from the trial court's order on the motion to dismiss, specifically seeking appeal of the order "dismissing Plaintiff's claims for unjust enrichment and violation of the Wage and Hour Act."

While Plaintiff's appeal was pending, Defendant purports to have submitted a "Motion to Stay All Proceedings or Set the Scope of the Stay" on 11 July 2022. This motion does not contain a file stamp to indicate the date it was filed or that it was actually filed. Defendant's motion requests "an order staying all proceedings" in the case pending the appeal from the trial court's order on the motion to dismiss or, "[i]n the alternative, . . . an order setting the scope of the automatic stay pending appeal under N.C.G.S. § 1-294."

On 18 July 2022, Plaintiff filed a motion to compel discovery in accordance with the trial court's 29 April 2022 order. In this motion, Plaintiff represented that its counsel had "reviewed the Mecklenburg County Court file and, as of the time of filing this Motion on July 18, 2022, Defendant's Motion to Stay has still not entered the file."

On 16 September 2022, the trial court entered an order granting Plaintiff's motion to compel discovery and denying Defendant's motion to stay proceedings. The trial court noted its 27 May 2022 order on Defendant's motion to dismiss "triggered the 45-day time period of the stay in discovery, meaning that Defendant was

[required] to respond by July 11, 2022." The trial court further found that "Defendant failed to respond to Plaintiff's First Discovery Requests by July 11, 2022," and therefore, the trial court granted Plaintiff's motion to compel and ordered Defendant to "provide its responses to Plaintiff's First Discovery Requests within forty-five (45) days of the entry of this Order." Notwithstanding its order to compel, the trial court denied Plaintiff's request for costs and attorney's fees. It found "that Plaintiff's appeal created sufficient ground for Defendant to dispute the obligation to respond to discovery in good faith, and therefore that Defendant's opposition to the Motion to Compel was substantially justified."

Addressing whether Plaintiff's appeal should operate to stay Plaintiff's remaining claims, the trial court noted "Plaintiff's pending appeal only addresses Plaintiff's claims for Unjust Enrichment and violations of North Carolina's Wage and Hour Act." It further noted "Plaintiff's claims for Breach of Contract and Unfair and Deceptive Trade Practices were not 'part of the judgment appealed from' or the 'matter embraced therein' " pursuant to N.C. Gen. Stat. § 1-294. The trial court reasoned "the parties will need to conduct discovery on the Breach of Contract and Unfair and Deceptive Trade Practices claims regardless of the outcome of the appeal."

On 31 October 2022, Defendant appears to have submitted responses to Plaintiff's first discovery requests, including its first set of interrogatories, its first requests for production of documents, and first requests for admission. The date of 31 October 2022 appeared on the title page, final page, and certificate of service.

On 22 November 2022, Plaintiff filed a motion for sanctions pursuant to N.C. R. Civ. P. 37. In it, Plaintiff stated it did not receive Defendant's responses until 7 November 2022 and argued that they were "deficient in numerous ways." Among other issues, Plaintiff specifically stated that "Defendant failed to provide a single document in response to Plaintiff's Requests for Production." Plaintiff noted that Defendant stated it "will produce documents," although Defendant "provided no date for compliance." Therefore, Plaintiff requested the trial court issue an order compelling discovery as requested within its first discovery requests, prohibiting Defendant from opposing Plaintiff's breach of contract and UDTPA claims, striking Defendant's pleadings, rendering default judgment against Defendant, waiving Defendant's objections to Plaintiff's first discovery requests, deeming certain matters in Plaintiff's requests for admission as admitted, and awarding attorney's fees and costs in submitting its motion for sanctions and its previous motion to compel.

On 18 January 2023, Defendant submitted its brief in opposition to Plaintiff's motion for sanctions. Defendant attached an email it had sent to Plaintiff in which Defendant requested to confer, as well as Plaintiff's emailed reply stating that such request appeared disingenuous and was "improper and inconsistent with standard discovery practice."

On 31 March 2023, the trial court entered an order for administrative closure of the case without prejudice, noting that the matter commenced on 28 October 2021

and had been inactive for over six months.  Thereafter, Mecklenburg County Superior Court removed the case from its active docket.

On 6 June 2023, this Court filed its opinion in *Jessey I* "affirm[ing] the dismissal of the Wage and Hour Act claim and revers[ing] the dismissal of the unjust enrichment claim."  289 N.C. App. at 167, 888 S.E.2d at 679.

The trial court held a hearing on Plaintiff's motion for sanctions and entered its written order granting Plaintiff's the motion on 20 June 2023.  The trial court found Defendant had failed "to provide timely discovery" and that Defendant's responses to Plaintiff's first discovery requests did "not remotely comply with the production requests."  The trial court further found that "Defendant's failure to obey previous court order(s) constitutes significant discovery violations."  The trial court imposed the following sanctions: (1) establishing Plaintiff's breach of contract claim "to the extent supported by the paragraphs in the complaint that are deemed to be true"; (2) deeming true certain paragraphs in the complaint and prohibiting Defendant from challenging the enumerated paragraphs; (3) prohibiting Defendant from recovering "any overpayments Defendant claims that it made to Plaintiff"; (4) prohibiting Defendant "from offering an expert witness during trial to discuss industry practices regarding payment of commission and the contracted use of persons/companies such as Plaintiff for an entity such as Defendant"; and (5) ordering Defendant to pay "Plaintiff's reasonable attorney fees incurred as a result of

advancing and litigating Plaintiff's Motion for Sanctions in the amount of $8,500 within thirty (30) days of the entry of this Order."

On 19 July 2023, Defendant entered written notice of appeal of the 20 June 2023 "order granting Plaintiff's motion for sanctions."

## II. Analysis

Defendant argues the trial court lacked subject matter jurisdiction to proceed with discovery matters related to Plaintiff's remaining claims. Defendant further argues the trial court erred in imposing sanctions and also in its selection of the specific sanctions to impose. We address each issue in turn.

### A. Appellate Subject Matter Jurisdiction

First, we must determine whether Defendant's appeal from an order imposing sanctions is properly before us. Defendant argues its appeal from both the 16 September 2022 order granting Plaintiff's motion to compel discovery and the 20 June 2023 order imposing sanctions are properly before us. Plaintiff argues Defendant has waived any argument related to the order compelling discovery because Defendant did not timely appeal that order but rather waited until after the trial court entered its order imposing sanctions to enter notice of appeal on 19 July 2023.

First, we consider whether we have subject matter jurisdiction of Defendant's appeal of the order imposing sanctions. An appeal may be taken from a final judgment or from an interlocutory order which "affects a substantial right." N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27(b)(1), (3)(a). "No hard and fast rules

exist for determining which appeals affect a substantial right. Rather, such decisions usually require consideration of the facts of the particular case." *Porters Neck Ltd., LLC v. Porters Neck Country Club, Inc.*, 276 N.C. App. 95, 99, 855 S.E.2d 819, 824 (2021). Generally, this Court may consider two factors when determining whether an appellant's substantial right is implicated—"the right itself must be substantial and the deprivation of that substantial right must potentially work injury to appellant if not corrected before appeal from final judgment." *Estate. of Redden ex rel. Morley v. Redden,* 179 N.C. App. 113, 116, 632 S.E.2d 794, 797 (2006) (brackets omitted). A "substantial right is invoked when the sanction ordered is a substantial sum and is immediately payable." *Porters Neck Ltd., LLC*, 276 N.C. App. at 99, 855 S.E.2d at 824.

Here, the trial court ordered Defendant to pay Plaintiff $8,500.00 for attorney's fees. This amount is substantially less than the $48,000.00 sanction imposed in *Porters Neck* and the $150,000.00 award in *Estate of Redden*, and therefore may not affect a substantial right on its own. However, the imposition of attorney's fees does not stand alone. The trial court also established Plaintiff's breach of contract claim, deemed specified paragraphs in Plaintiff's complaint as true, prohibited Defendant from recovering overpayments it allegedly paid to Plaintiff, and prohibited Defendant from offering an expert witness on specified issues at trial. Accordingly, we hold the trial court's order imposing sanctions affects a substantial right and is immediately appealable and properly before this Court.

We now address whether we have subject matter jurisdiction to consider Defendant's appeal of the trial court's order compelling discovery. This Court has "held that orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling were not reviewed before the final judgment." *Casey v. Grice*, 60 N.C. App. 273, 274, 298 S.E.2d 744, 745 (1983). In *Walker v. Liberty Mut. Ins. Co.*, this Court answered the question of "whether [an] order granting discovery presents an appealable issue." 84 N.C. App. 552, 554, 353 S.E.2d 425, 426 (1987). The court held, "An order compelling discovery is not a final judgment. Neither does it affect a substantial right. Consequently, it is not appealable. However, when the order is enforced by sanctions pursuant to N.C. R. Civ. P., Rule 37(b), *the order is appealable as a final judgment*." *Id.* at 554–55, 353 S.E.2d at 426 (citations omitted) (emphasis added).

Therefore, the order compelling discovery ordinarily would be appealable as a final judgment. However, an appealing party must specify in its notice of appeal "the judgment or order from which appeal is taken." N.C. R. App. P. 3(d). "An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 347, 666 S.E.2d 127, 133 (2008). Nevertheless, "an issue of subject matter jurisdiction may be raised at any time and may be raised for the first time on appeal." *State v. Osborne*, 275 N.C. App. 323, 327, 853 S.E.2d 241, 245 (2020) (quotation marks omitted). Although Defendant failed to designate the order

compelling discovery in its notice of appeal, we review Defendant's purported appeal of the order for the limited purpose of determining whether the trial court had subject matter jurisdiction to enter it.

## B. Subject Matter Jurisdiction of the Trial Court

Defendant argues the trial court lacked subject matter jurisdiction to enter any orders related to discovery or sanctions because Plaintiff's appeal of the trial court's order dismissing Plaintiff's unjust enrichment and Wage and Hour Act claims stayed all proceedings before the trial court. Specifically, Defendant argues that although Plaintiff's appeal was docketed before this Court on 4 November 2022, this Court's jurisdiction "related back" to the filing of Plaintiff's appeal on 24 June 2022. Defendant contends this Court retained jurisdiction from 24 June 2022 until 6 June 2023 when this Court issued its opinion in *Jessey I*, and thus, the trial court lacked subject matter jurisdiction to enter any orders during that time period. Defendant further argues that even if Plaintiff's appeal did not operate to stay *all* proceedings before the trial court, it nevertheless stayed any proceedings related to Plaintiff's motion to compel and the subsequent sanctions order because Plaintiff sought discovery related to the two dismissed claims. By contrast, Plaintiff argues that because its appeal of the order dismissing two of its claims related only to those two claims, its appeal did not operate to stay proceedings related to discovery for the two remaining claims.

"[I]ssues challenging subject matter jurisdiction may be raised at any time, even for the first time on appeal." *Gurganus v. Gurganus*, 252 N.C. App. 1, 4, 796 S.E.2d 811, 814 (2017). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). "Pursuant to the de novo standard of review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Bradford v. Bradford*, 279 N.C. App. 109, 112, 864 S.E.2d 783, 786 (2021).

N.C. Gen. Stat. § 1-294 provides:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

"When a party gives notice of appeal from an appealable order, the trial court is divested of jurisdiction and *the related proceedings are stayed in the lower court*." *Dalenko v. Peden Gen. Contractors, Inc.*, 197 N.C. App. 115, 121–22, 676 S.E.2d 625, 630 (2009) (emphasis added); *see also Webb v. Webb*, 50 N.C. App. 677, 678, 274 S.E.2d 888, 889 (1981) ("The trial court is . . . without jurisdiction to proceed upon the very matters which were embraced in and which were directly affected by the order from which the appeal is taken.").

Defendant correctly recognizes that "the question is whether the discovery orders involved matters 'embraced within or affected by' Jessey Sports' . . . Wage & Hour Act or unjust enrichment claims." (Referencing N.C. Gen. Stat. § 1-294). Here, in its 16 September 2022 order granting Plaintiff's motion to compel discovery, the trial court quoted N.C. Gen. Stat. § 1-294 and found:

> 12. Plaintiff's pending appeal only addresses Plaintiff's claims for Unjust Enrichment and violations of North Carolina's Wage and Hour Act. Plaintiff's claims for Breach of Contract and Unfair and Deceptive Trade practices were not "part of the judgment appealed from" or the "matter embraced therein." Rather, they are "other matter[s] included in the action and not affected by the judgment appealed from" for purposes of N.C. Gen. Stat. § 1-294.

> 13. The Court finds that the parties will need to conduct discovery on the Breach of Contract and Unfair and Deceptive Trade Practices claims regardless of the outcome of the appeal. A stay would delay this inevitable discovery for no obvious benefit, and to the potential detriment of both parties in the event discoverable information is lost. The Court further notes that the universe of persons subject to discovery includes persons beyond Plaintiff and Defendant, who may not be aware of the needs to preserve information subject to discovery. Proceeding with discovery, meanwhile, will continue to advance the case towards trial while the appeal is being addressed.

> . . .

> 15. There is no reason to stay discovery or other proceedings that are relevant to the claims of Breach of Contract and Unfair and Deceptive Trade Practices, simply because that discovery may also be relevant to the claims on appeal.

The trial court's findings demonstrated that it considered whether Plaintiff's appeal operated to stay proceedings related to discovery for the two remaining claims, and it concluded that the appeal did not "embrace" discovery pertaining to the remaining claims within the meaning of N.C. Gen. Stat. § 1-294. Therefore, it was proper for discovery related to the two remaining claims to proceed. We agree.

Defendant argues "the discovery requests at issue in the order to compel and imposing sanctions . . . related directly and only to the two claims on appeal." However, there is no statement nor indication of any kind contained within Plaintiff's first discovery requests that they pertained only to the two dismissed claims. Clearly, all or portions of Plaintiff's first discovery requests were related to its two *remaining* claims. The trial court was not required to stay all discovery proceedings merely because, in providing responses to Plaintiff's discovery requests, Defendant gave answers that also *happened to relate* to the two dismissed claims. The matter from which Plaintiff appealed related to the trial court's order dismissing two of Plaintiff's causes of action. In other words, the issue on appeal, and therefore stayed before the trial court, was whether Plaintiff successfully alleged unjust enrichment and Wage and Hour Act claims in its complaint. Because the parties were still litigating the two remaining claims and both required discovery, the trial court retained subject matter jurisdiction to compel discovery and impose sanctions related to those two claims.

**C. Imposition of Sanctions**

Defendant argues the trial court erred in imposing sanctions because: (1) it lacked subject matter jurisdiction to enter the order imposing sanctions; (2) Plaintiff failed to satisfy the requirement for it to certify it conferred with Defendant regarding the sought-after discovery; and (3) Defendant complied with the trial court's 16 September 2022 order requiring it to respond to Plaintiff's discovery requests within forty-five days following the entry of that order.

"A trial court's award of sanctions under Rule 37 will not be overturned on appeal absent an abuse of discretion." *Graham v. Rogers*, 121 N.C. App. 460, 465, 466 S.E.2d 290, 294 (1996). "According to well-established North Carolina law, a broad discretion must be given to the trial judge with regard to sanctions." *Batlle v. Sabates*, 198 N.C. App. 407, 417, 681 S.E.2d 788, 795 (2009) (quotation marks omitted).

A "party may serve upon any other party written interrogatories to be answered by the party served." N.C. R. Civ. P. 33(a). A party also "may serve on any other party a request . . . to produce and permit the party making the request . . . to inspect and copy, test, or sample any designated documents [or] electronically stored information . . . which are in the possession, custody or control of the party upon whom the request is served." N.C. R. Civ. P. 34(a).

N.C. R. Civ. P. 37(a) authorizes a "party, upon reasonable notice to other parties and all persons affected thereby, [to] apply for an order compelling discovery," including the movant's requests for answers to interrogatories pursuant to N.C. R.

Civ. P. 33 or requests for inspection pursuant to N.C. R. Civ. P. 34. N.C. R. Civ. P. 37(a)(3) defines "failure to answer" an interrogatory to include "an evasive or incomplete answer."

Rule 37 also includes a "confer" requirement. Specifically, N.C. R. Civ. P. 37(a)(2) states, "The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material *without court action*." (Emphasis added).

Upon a party's failure to comply with a trial court's discovery order under N.C. R. Civ. P. 26(f), N.C. R. Civ. P. 37(b) expressly authorizes a trial court to "make such orders in regard to the failure as are just." N.C. R. Civ. P. 37(b)(2). When a trial court enters a discovery order and a party fails to comply with that discovery order, the opposing party is entitled to seek sanctions, and the trial court is entitled to enter an order imposing sanctions. "North Carolina cases interpreting Rule 37 have generally held that a party seeking sanctions must first demonstrate a violation of a substantive rule of discovery, based upon Rules 26 through 36, obtain a court order to compel discovery, and *then* Rule 37 sanctions may be imposed." *Myers v. Myers*, 269 N.C. App. 237, 252, 837 S.E.2d 443, 454 (2020).

First, we note Defendant's contention that the trial court lacked subject matter jurisdiction is addressed *supra*.

Second, we turn to Defendant's contention that Plaintiff failed to meet and confer regarding Defendant's allegedly defective discovery responses in accordance with N.C. R. Civ. P. 37(a)(2). Any alleged failure on the part of Plaintiff in either including the certification required by N.C. R. Civ. P. 37(a)(2) or in actually conferring or attempting to confer with Defendant is not relevant to the trial court's authority to impose sanctions. N.C. R. Civ. P. 37(a)(2) indeed requires a party filing a motion to compel to include a certification that it conferred or attempted to confer with the opposing party. However, a trial court may impose sanctions for a party's failure to comply with a preexisting discovery order entered by the trial court. In other words, Plaintiff was entitled to file a motion for sanctions for Defendant's failure to comply with a trial court's discovery order regardless of whether Plaintiff included a certification in its earlier motion to compel.

Here, Plaintiff's motion to compel was based on Defendant's failure to comply with the trial court's 29 April 2022 order. Plaintiff specifically stated, "Defendant has failed to submit a timely response to Plaintiff's First Discovery Requests, under the N.C. Rules of Civil Procedure and the Court's own April 29 Order." The trial court's 29 April 2022 order on Defendant's motion for protective order required Defendant to serve its responses to Plaintiff's discovery requests within forty-five days of its order on Defendant's motion to dismiss. The trial court entered its order on Defendant's motion to dismiss on 27 May 2022. The entry of this order, in turn, triggered the forty-five day deadline and required Defendant to submit its responses

no later than 11 July 2022. On 24 June 2022, Plaintiff filed notice of appeal from the trial court's order on Defendant's motion to dismiss. On 11 July 2022, Defendant purportedly submitted a motion to stay all proceedings or set the scope of a stay pending Plaintiff's appeal. However, Plaintiff asserted its counsel had "reviewed the Mecklenburg County Court file and, as of the time of filing this Motion on July 18, 2022, Defendant's Motion to Stay has still not entered the file." Further, the copy contained in the record does not bear a file stamp. Consequently, Defendant's motion was not pending before the court. On 18 July 2022, Plaintiff filed a motion to compel for Defendant's failure to comply with the court's 29 April 2022 order to submit discovery responses by 11 July 2022.

On 16 September 2022, the trial court entered a combined order on Plaintiff's motion to compel discovery responses and Defendant's motion to stay all proceedings or to set the scope of a stay. In this order, the trial court noted the entry of its order on Defendant's motion to dismiss triggered the forty-five day deadline for Defendant to submit discovery responses due by 11 July 2022. The trial court specifically found, "Defendant failed to respond to Plaintiff's First Discovery Requests by July 11, 2022." The trial court concluded that it would "grant Plaintiff's Motion to Compel" because "Defendant has not timely responded to Plaintiff's First Discovery Requests."

The procedural history timeline demonstrates that the trial court found Defendant had failed to comply with two discovery orders, the 29 April 2022 and 16 September 2022 orders, respectively. First, in its order granting Plaintiff's motion to

compel, it noted Defendant failed to comply with its 29 April 2022 order because it had failed to submit discovery responses by 11 July 2022. Second, in the trial court's order granting Plaintiff's motion for sanctions, it found Defendant had failed to comply with the 16 September 2022 order which required Defendant to submit discovery responses within forty-five days of that order, on or before 31 October 2022. The trial court specifically stated:

> While Defendant contends it timely served interrogatory and requests for admission to Plaintiff's discovery requests by sending them via U.S. Priority Mail on October 31, 2022, Plaintiff contends the responses were not timely as a consequence of his receiving the same on/about 7 November 2022. Even if, assuming arguendo, the responses to interrogatories and requests for admission were timely, *the production of documents was not produced until on/about 22 November 2022* – and the same amounts to a material failure to provide timely discovery *not only because of the date of production but because the production itself does not remotely comply with the production requests*.

(Emphasis added). The trial court noted that Defendant had responded to numerous requests for production by stating, "Defendant will produce responsive documents" but Defendant's discovery responses "did not include any production of documents." The trial court further found that other responses by Defendant were evasive or incomplete. N.C. R. Civ. P. 37(a)(3) defines an evasive and/or incomplete answer as a "failure to answer."

Because the trial court found Defendant failed to comply with two discovery orders, it was authorized by N.C. R. Civ. P. 37(b)(2) to enter an order imposing

sanctions. Therefore, Plaintiff's alleged failure to include a certificate that it conferred or attempted to confer pursuant to N.C. R. Civ. P. 37(a)(2) is irrelevant to the question of whether the trial court was authorized to impose sanctions in this case. *See* N.C. R. Civ. P. 37(b)(2).

Finally, Defendant argues it complied with the trial court's 16 September 2022 order because it submitted discovery responses dated 31 October 2022. However, Plaintiff argues it did not receive the responses until 7 November 2022. The trial court noted that even if Defendant's responses to interrogatories and requests for admission were timely, it failed to produce documents until 22 November 2022 and that Defendant's assertions that it would produce documents at a future time constituted a failure to respond to Plaintiff's requests for production. The fact that Defendant merely provided discovery responses does not mean it complied with the trial court's discovery order regardless of the inadequacies of Defendant's discovery responses. Here, Defendant's discovery responses failed to include responses to requests for production and therefore failed to comply with the 16 September 2022 order.

The trial court was authorized to impose sanctions pursuant to N.C. R. Civ. P. 37(b)(2) because Defendant failed to comply with the discovery orders.

**D. Selection of Sanctions**

Defendant next argues the trial court erred in its selection of sanctions because it was required to consider less severe sanctions.

A trial court may impose sanctions including designating certain facts as established, "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence," "striking out pleadings or parts thereof," and/or rendering a default judgment. N.C. R. Civ. P. 37(b)(2). If the trial court imposes sanctions pursuant to N.C. R. Civ. P. 37(b), then it "shall," in lieu of or in addition to the enumerated sanctions, require the disobedient party "to pay the reasonable expenses, including attorney's fees" caused by the party's failure to comply with a discovery order. *Id.*

Here, the trial court concluded Plaintiff met its burden in establishing Defendant had failed to comply with the discovery orders. It further concluded "Defendant's failure to obey previous court order(s) constitutes significant discovery violations" and "Defendant's disobedience of previous discovery court order(s) has been materially prejudicial to Plaintiff's ability to advance and pursue its claim(s) against Defendant." The trial court noted it "considered lesser or alternative sanctions and determined they would not be appropriate or sufficient under these circumstances."

Therefore, the trial court imposed sanctions of establishing Plaintiff's breach of contract claim as a matter of law to the extent supported by enumerated paragraphs in Plaintiff's complaint, prohibiting Defendant from recovering any overpayments Defendant claims it made to Plaintiff, prohibiting Defendant from offering an expert witness on certain matters at trial, and requiring Defendant to pay

Plaintiff reasonable attorney's fees in the amount of $8,500.00 as a result of litigating Plaintiff's motion for sanctions.

N.C. R. Civ. P. 37(b)(2) specifically authorizes each of the sanctions imposed by the trial court. The trial court stated that it indeed considered less severe alternatives but that such alternatives would not be appropriate or sufficient where Defendant's failures to comply with discovery orders materially prejudiced Plaintiff. Accordingly, the trial court did not abuse its discretion in its selection of sanctions.

Defendant cites *Goss v. Battle* for the proposition that a trial court must consider less severe sanctions. 111 N.C. App. 173, 432 S.E.2d 156 (1993). In that case, however, this Court considered "whether a trial court must consider less severe sanctions before dismissing a plaintiff's complaint under Rule 37(d) of the North Carolina Rules of Civil Procedure." *Id.* at 176, 432 S.E.2d at 158. *Goss* is distinguishable because it concerns a trial court's dismissal of an action, which is not a sanction imposed by the trial court under the facts of this case. Moreover, N.C. R. Civ. P. 37(d) concerns a trial court's authority to impose sanctions *in the absence of a trial court's order compelling discovery*. Here, the trial court appropriately entered its order pursuant to N.C. R. Civ. P. 37(b)(2).

### III. <u>Conclusion</u>

For the reasons explained herein, we hold this Court has subject matter jurisdiction to hear this appeal, and the trial court had subject matter jurisdiction to enter orders on discovery related to Plaintiff's remaining claims. We further hold the

trial court did not abuse its discretion in imposing sanctions nor in its selection of sanctions. Therefore, we affirm the trial court's order imposing sanctions.

AFFIRMED.

Judges HAMPSON and GRIFFIN concur.