STARMOUNT COMPANY v. CITY OF GREENSBORO

No. 7818SC283

(Filed 5 June 1979)

Appeal and Error § 6.9— order that plaintiff not be required to answer interrogatories—premature appeal

    Trial court's order that plaintiff not be required to answer certain interrogatories did not affect a substantial right of defendant where defendant had received answers to other interrogatories which gave it detailed information as to all written and oral transactions conducted by plaintiff in regard to the subject of the controversy and the information denied to defendant was not crucial to its defense; therefore, a purported appeal from the trial court's order is dismissed as premature.

APPEAL by defendant from *Walker (Ralph A.), Judge.* Judgment entered 4 January 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals at Winston-Salem 5 December 1978.

This lawsuit involves a tract of land owned by the plaintiffs in Greensboro. The plaintiff has alleged facts which it contends show that (1) its property has been the subject of inverse condemnation by the defendant; (2) it has been deprived of its constitutional rights in regard to the property; (3) the defendant has breached its contract with plaintiff; (4) the City is estopped from denying its liability to the plaintiff, or in the alternative, (5) it is entitled to a declaratory judgment giving it the right to use the property without interference from the City. Plaintiff has made allegations which show it owns a tract of land located partly in the City of Greensboro which it cannot develop as it wants to do because the City has for many years planned to build a thorough-

fare through the tract and will not approve any subdivision plans which do not reserve a part of the tract for the thoroughfare. The defendant served interrogatories on the plaintiff. The plaintiff answered them in part, objected to some of them and made a motion that it not be required to answer some of them until a later time. On 22 September 1977, Judge Crissman entered an order in which he sustained some of the objections and overruled some of them. He further ordered that the plaintiff not be required to answer any interrogatories not already answered and to which objections had not been overruled. Pursuant to the interrogatories, the plaintiff furnished the defendant copies of all correspondence in its possession pertaining to the land in controversy, all documents in its possession pertaining to the land in controversy and memoranda of all conversations of its agents in regard to the said land. Judge Crissman ordered that the plaintiff not be required to answer a series of questions that required the plaintiff to state the legal and factual basis for certain of the allegations in the complaint. The defendant then resubmitted interrogatories which were identical to those Judge Crissman had excused the plaintiff from answering except that it omitted the word "legal" from each interrogatory. Judge Walker ordered that the plaintiff not be required to answer these interrogatories. The defendant appealed from Judge Walker's order and the plaintiff made a motion to dismiss the appeal.

*Brooks, Pierce, McLendon, Humphrey and Leonard, by Hubert Humphrey and Edward C. Winslow III, for plaintiff appellee.*

*Miles and Daisy, by James W. Miles, Jr., for defendant appellant.*

WEBB, Judge.

At the outset, we are faced with a motion to dismiss this appeal as being from interlocutory orders of the trial court and, as such, fragmentary and premature. G.S. 1-277(a) provides:

An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; . . . .

The question before this Court is whether the order of Judge Walker affected a substantial right claimed by the defendant. There are few cases to which we can look for precedent. In *Tennessee-Carolina Transportation, Inc. v. Strick Corp.*, 291 N.C. 618, 231 S.E. 2d 597 (1977), the Supreme Court held an appeal from the refusal to let a party take a deposition was not premature if there was a chance the deponent might give evidence crucial to the defense of the case. We do not believe the information denied the defendant in the case sub judice is crucial to its defense. The defendant has received answers to interrogatories which give it detailed information as to all written and oral transactions conducted by plaintiff in regard to the subject of the controversy. From an examination of the record, we cannot say any of the interrogatories which were not answered by plaintiff would have provided defendant with information which was not given it by those that were answered. We hold the superior court did not abuse its discretion in not requiring these interrogatories be answered and the appeal should be dismissed. Defendant will have its exceptions to the ruling of the superior court on an appeal.

In light of our decision in this case, we do not pass on the question of whether the defendant, by filing the second set of interrogatories, was asking one superior court judge to overrule another superior court judge.

Appeal dismissed.

Judges CLARK and MITCHELL concur.