FIRST UNION NATIONAL BANK v. ROSS M. OLIVE AND NANCY M. OLIVE

No. 7826DC819

(Filed 7 August 1979)

**Appeal and Error § 6.2— interlocutory order—appeal premature**

The trial court's order sustaining objections to, and granting a motion to strike, certain interrogatories, denying defendants' motion to compel answers to those interrogatories, and denying defendants' motion to permit them to respond to plaintiff's request for admissions was interlocutory, and defendants' appeal therefrom was fragmentary and premature.

APPEAL by defendant from *Saunders, Judge*. Order entered 27 June 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 23 May 1979.

This is an action brought to recover the balance allegedly due on a purchase money security agreement covering defendants' purchase of five mobile homes. Plaintiff is the assignee of Guardian Credit Corporation and is a purchaser for value of the conditional sales contract. When defendants became four

payments in arrears under the security agreement, the entire balance was declared due and payable, and plaintiff repossessed the mobile homes on 3 November 1975. Plaintiff alleges that due notice of sale was given, and that the collateral was sold bringing a net sum, after expenses, of $5,115. Plaintiff alleges that, after giving defendants full credit for offsets and credit due, defendants jointly and severally are indebted to plaintiff in the sum of $2,667.70. Plaintiff also seeks attorney's fees according to the terms of the security agreement. Defendants, without legal counsel, answered the complaint averring that Mr. Alan Withrow of Arrowood Mobile Homes was the "seller, guarantor, and management for the five mobile homes with recourse". They aver that plaintiff had already satisfied the indebtedness by deducting $2,953.75 from the Arrowood Mobile Homes "Reserve Account". Defendants also aver that the expenses in connection with repossession and sale of the mobile homes were excessive. Defendants seek damages from plaintiff in the amount of $5,469.84.

Plaintiff filed, on 21 October 1977, a combined motion for summary judgment and request for admissions with respect to the genuineness of all relevant documents. There was no reply to the request for admissions, and summary judgment was thereafter entered in plaintiff's behalf on 19 January 1978. Defendants then obtained the services of counsel. A motion was filed to vacate the judgment on the grounds that defendants never were given the proper notice of hearing on the motion for summary judgment. An order vacating the judgment was entered 21 April 1978. Defendants then served plaintiff with interrogatories seeking information concerning the "Dealer Reserve Account" maintained with Alan T. Withrow. Soon thereafter, defendants filed a motion to permit them to answer plaintiff's request for admissions filed 21 October 1977. Plaintiff filed objections and moved to strike certain interrogatories on the grounds that they were irrelevant to the pending action. Defendants responded with a motion to compel discovery. On 12 June 1978, defendants requested that the trial court make findings of fact and conclusions of law with respect to defendants' pending motions and plaintiff's motion to strike interrogatories. An order was entered denying both defendants' motion to compel discovery and their motion to allow answers to the request for admissions. Plaintiff's motion to strike interrogatories was granted. Defendants appeal.

*Clontz and Morton, by Ralph C. Clontz III, for plaintiff appellee.*

*Holleman and Stam, by Paul Stam, Jr., for defendant appellant.*

PARKER, Judge.

Defendants are appealing from an order of the district court sustaining objections to, and granting a motion to strike, certain interrogatories directed to the plaintiff concerning a so-called "Dealer Reserve Account". In the same order, the court denied defendants' motion to compel answers to those interrogatories. Defendants also appeal from the denial of their motion to permit them to respond to plaintiff's request for admissions. Defendants, therefore, are seeking to appeal from an order which is interlocutory in nature. However, it is well established in this State that no appeal lies from an interlocutory order or ruling unless such ruling deprives the appellant of a substantial right which would be lost if the ruling were not reviewed before final judgment. G.S. 1-277, G.S. 7A-27. *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975) (lists examples of appealable interlocutory rulings). Defendants' appeal is fragmentary and premature. *Pack v. Jarvis*, 40 N.C. App. 769, 253 S.E. 2d 496 (1979). The posture in which the issues are presented render this Court's determination of the prejudicial effect of alleged errors purely conjectural. The case of *Transportation, Inc. v. Strick Corp.*, 291 N.C. 618, 231 S.E. 2d 597 (1977), is distinguishable on the compelling facts of that case.

Appeal dismissed.

Judges HEDRICK and WEBB concur.