PHYLLIS D. DWORSKY AND HUSBAND, LEON DWORSKY v. THE
TRAVELERS INSURANCE COMPANY, A CORPORATION

No. 8014SC349

(Filed 4 November 1980)

1. **Appeal and Error § 6.2– denial of discovery motion – no appeal**

In plaintiffs' action to recover hospital and medical expenses which defendant refused to pay where plaintiffs sought to compel production of a file maintained by defendant in connection with plaintiffs' insurance claim, plaintiffs' appeal from the trial court's order denying their motion must be dismissed, since plaintiffs did not show that the information sought was so crucial to the outcome of the case that denial of the motion would deprive them of a substantial right.

2. **Appeal and Error § 6.6– denial of motion to dismiss – no appeal**

Defendant's motion to dismiss plaintiffs' claim for treble damages was a Rule 12(b)(6) motion, and no appeal lay from a denial thereof.

APPEAL by plaintiffs from *Brewer, Judge.* Order entered 26 November 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 October 1980.

This is a civil action in which plaintiffs seek to recover $10,913 in hospital and medical expenses which defendant had refused to pay under a group hospitalization and medical insurance policy, and to recover treble damages and attorneys fees pursuant to G.S. §§ 75-1.1, 75-16. On 31 January 1979, plaintiffs

filed a motion for production of documents seeking to inspect and copy the file maintained by defendant in connection with plaintiffs' claim under the insurance policy. Judge McKinnon entered an order dated 14 September 1979 denying the motion on the ground that it was "overbroad." Plaintiffs made a request for production of documents on 28 September 1979 again seeking to inspect and copy the file, but excepting all attorney correspondence and any materials placed in the file after 12 September 1976. Defendant responded 4 October 1979, objecting to the request. Defendant also filed a Rule 12 (b)(6) motion to dismiss plaintiffs' claim for treble damages for failure to state a claim upon which relief could be granted. This motion was denied on 26 November 1979. On 26 November 1979, plaintiffs made a motion to compel production of the documents set forth in the 28 September 1979 request. From an order denying plaintiffs' 26 November 1979 motion, plaintiffs appealed.

*Upchurch, Galifianakis and McPherson, by William V. McPherson, Jr., for the plaintiff appellants.*

*Spears, Barnes, Baker and Hoof, by Alexander H. Barnes, for the defendant appellee.*

HEDRICK, Judge.

Plaintiffs' Appeal

[1] Assuming arguendo that Judge Brewer had authority to consider and rule on plaintiffs' second motion to compel production of documents after a similar motion had been earlier denied by Judge McKinnon, we are compelled to hold that the appeal from Judge Brewer's order denying the second motion must be dismissed. G.S. § 1-277(a) in pertinent part provides: "An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; . . . " It has been held that orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling were not reviewed before final judgment. *First Union National Bank v. Olive*, 42 N.C. App. .574, 257 S.E. 2d 100 (1979). If, however, the desired discovery would not have delayed trial or have caused the opposing party any un-

reasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly material to a determination of the critical question to be resolved in the case, an order denying such discovery does affect a substantial right and is appealable. *Tennessee-Carolina Transportation, Inc. v. Strick Corp.* 291 N.C. 618, 231 S.E. 2d 597 (1977). *See also Starmount Co. v. City of Greensboro*, 41 N.C. App. 591, 255 S.E. 2d 267 (1979). Nevertheless, orders regarding discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion. *Hudson v. Hudson*, 34 N.C. App. 144, 237 S.E. 2d 479, *disc. review denied*, 293 N.C. 589, 239 S.E. 2d 264 (1977).

In the present case, plaintiffs were seeking the entire contents of a file maintained by defendant in connection with plaintiffs' insurance claim, with the sole exception of attorney correspondence and materials placed in the file subsequent to 12 September 1976. While some relevant and material evidence may be contained in the file, plaintiffs are not entitled to a fishing expedition to locate it. G.S. § 1A-1, Rule 26(b)(1); *Willis v. Duke Power Co.*, 291 N.C. 19, 229 S.E. 2d 191 (1976). Moreover, the record in the instant case offers us no clue as to what relevant and material information, if indeed there is any, is sought. We must therefore conclude that plaintiffs have not shown that the information sought is so crucial to the outcome of this case that it would deprive them of a substantial right and thus justify an immediate appeal. *See Starmount Co. v. City of Greensboro, supra.* Accordingly, the trial judge has acted within his discretion and plaintiffs' appeal from his order will be dismissed.

### Defendant's Cross-Assignment of Error

[2] Defendant cross-assigned error to the denial of his Rule 12(b)(6) motion to dismiss plaintiffs' claim for treble damages. No appeal lies from a denial of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976); *Godley Auction Co., Inc. v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979); *O'Neill v. Southern National Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979). Defendant's motion to dismiss plaintiffs' claim for treble damages was a Rule 12(b)(6) motion and therefore defendant's assignment of error to the denial thereof will be dismissed.

Both appeals are

Dismissed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.