GILBERT T. CASEY v. RANSOME GRICE

No. 8111SC1404

(Filed 4 January 1983)

**Appeal and Error § 6.2— order directing defendant to answer interrogatories and submit to oral deposition—interlocutory and non-appealable**

An order requiring defendant to answer interrogatories and submit to oral deposition concerning his financial net worth was interlocutory and non-appealable. G.S. 1-277(a).

APPEAL by defendant from *Bowen, Judge.* Order filed 20 November 1981 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 13 October 1982.

Plaintiff and his wife, Myde W. Casey, have been married since 25 October 1953 but separated in October 1981. Defendant Grice was acquainted with plaintiff and his wife and employed by plaintiff in October 1978 to make certain repairs to plaintiff's home.

On 28 September 1981, plaintiff filed suit against defendant, based on the torts of alienation of affections and criminal conversation, seeking actual damages of $250,000 and punitive damages of $250,000. Plaintiff filed both a notice to take the deposition of defendant and the first set of interrogatories seeking information concerning defendant's net worth.

Defendant objected to plaintiff's first set of interrogatories. Plaintiff responded by filing a motion for an order compelling discovery with regard to the interrogatories and deposition. In addition, plaintiff's attorney prepared an application for immunity and the court granted defendant full immunity from prosecution

relating to any criminal offense arising out of his relationship with plaintiff's wife, Myde W. Casey.

On 20 November 1981, Judge Bowen entered his order which concluded as a matter of law that the immunity granted defendant by the court was valid and that the privilege against self-incrimination was not available to defendant. Therefore, he ordered that defendant answer interrogatories and submit to oral deposition concerning his financial net worth. From this order, defendant appeals.

*Narron, O'Hale, Whittington and Woodruff, by James W. Narron, for plaintiff appellee.*

*Mast, Tew and Armstrong, by George B. Mast and L. Lamar Armstrong, Jr., for defendant appellant.*

MORRIS, Chief Judge.[1]

Although plaintiff and defendant raised no question of appealability, we believe the order appealed from is interlocutory and non-appealable. G.S. 1-277(a) provides in pertinent part:

> An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; . . .

However, "it has been held that orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling were not reviewed before the final judgment." *Dworsky v. Insurance Co.*, 49 N.C. App. 446, 447, 271 S.E. 2d 522, 523 (1980).

Where neither party raises the question of appealability and no right to appeal exists, an appellate court should dismiss the appeal on its own motion. *Pasour v. Pierce*, 46 N.C. App. 636, 265 S.E. 2d 652 (1980), *Metcalf v. Palmer*, 46 N.C. App. 622, 265 S.E. 2d 484 (1980).

---

1. The Court's decision in this case was made and written prior to Chief Judge Morris's retirement.

Because all assignments of error are based on Judge Bowen's order directing defendant to answer interrogatories and submit to oral deposition, we believe defendant's appeal is premature and must, therefore, be dismissed.

Appeal dismissed.

Judges BECTON and JOHNSON concur.