B. B. WALKER AND HRUB CORPORATION (FORMERLY HARRELSON RUBBER COMPANY) v. LIBERTY MUTUAL INSURANCE COMPANY

No. 8618SC760

(Filed 3 March 1987)

**Appeal and Error § 6.9— order compelling discovery—no right of appeal**

An order compelling discovery which is not enforced by sanctions is not a final judgment, does not affect a substantial right, and is not immediately appealable.

APPEAL by defendant from *Wood, Judge*. Order entered 16 May 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 December 1986.

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall, H. Lee Davis, Jr., and Thomas G. Taylor for defendant-appellant.*

*Smith Helms Mulliss & Moore, by Jack W. Floyd, James A. Medford and Ramona J. Cunningham for plaintiff-appellees.*

GREENE, Judge.

Defendant, Liberty Mutual Insurance Co. (hereinafter Liberty Mutual), appeals from an interlocutory order directing it to comply with plaintiff's motion to compel production of certain documents.

Plaintiff HRUB Corporation uses a rubber-based cement in its business of manufacturing tread rubber for use in retreading automobile tires. A number of tires failed as a result of HRUB's use of defective cement purchased from Midwest Rubber Manufacturing Co. (hereinafter Midwest) and The General Tire and Rubber Co. (hereinafter General Tire). Consequently, HRUB was forced to defend or settle numerous claims for product liability. Liberty Mutual insured HRUB under a comprehensive general liability policy and an umbrella excess liability policy. HRUB alleges in its complaint that Liberty Mutual paid $571,036.20 over a period of time to HRUB to reimburse it for payments to third party claimants under the terms of the policies. HRUB alleges the losses it suffered by reason of the third party claims are in excess of $1,856,056.58.

On 10 February 1981 HRUB sued Midwest and General Tire for damages arising from the defective cement. In July 1983 HRUB filed this action against Liberty Mutual, seeking further reimbursement under its insurance policies. In its complaint, HRUB admitted it had already received partial reimbursement but also requested the court declare Liberty Mutual liable for all future judgments against HRUB arising from the defective cement.

HRUB recovered $1,200,000.00 from Midwest and General Tire. Liberty Mutual filed an amended answer and counterclaim in this action alleging it was entitled to a subrogation interest in the recovery HRUB received against Midwest and General Tire. Liberty Mutual alleges HRUB agreed in a letter dated 8 March 1982 to protect the subrogation interest of Liberty Mutual.

It is important to an understanding of this appeal to note that Liberty Mutual was the insurer of General Tire as well as HRUB's insurer at the time HRUB sued General Tire and Midwest. Liberty Mutual's Raleigh office handled General Tire's defense. Its Greensboro office handled all matters pertaining to

HRUB's policies — both the claims made against HRUB for the defective cement and the defense of the present action.

HRUB denies Liberty Mutual's counterclaim for subrogation and also asserts the defense of estoppel. It contends Liberty Mutual should be estopped because Liberty Mutual did not request subrogation until after the prior suit was settled. HRUB contends documents in the Greensboro file were improperly made available to the Raleigh office during the defense of the prior suit against General Tire. HRUB also contends General Tire's general liability policy with Liberty Mutual is identical to its policy and contends discovery of the Raleigh file containing the policy with General Tire is relevant to this case so that it might ascertain the effect Liberty Mutual has given to particular clauses of the policy in the past.

On 7 April 1986, HRUB filed a motion to compel discovery, requesting Liberty Mutual be ordered to produce both the Greensboro and the Raleigh files. Liberty Mutual objected on the grounds the files contained attorney-client communications and many of the documents were prepared in anticipation of litigation, thus entitled to qualified-immunity from discovery. N.C.R. Civ. P., Rule 26(b).

On 16 May 1986, the trial court granted HRUB's motion but allowed Liberty Mutual to excise portions of the documents "which refer to legal advice or correspondence between Liberty Mutual and its attorneys and the mental impressions of those working on the case." Liberty Mutual appeals from this order.

The issue before this Court is whether the order granting discovery presents an appealable issue.

Appeal may be had from either a final judgment or an interlocutory order which affects a substantial right. N.C. Gen. Stat. Sec. 1-277(a). An order compelling discovery is not a final judgment. Neither does it affect a substantial right. Consequently, it is not appealable. *Alexander v. United States*, 201 U.S. 117, 121 (1906); *Casey v. Grice*, 60 N.C. App. 273, 298 S.E. 2d 744 (1983) (defendant's appeal from an order directing discovery was premature).

However, when the order is enforced by sanctions pursuant to N.C.R. Civ. P., Rule 37(b), the order is appealable as a final

judgment. *See Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 294 S.E. 2d 386 (1982); *Alexander*, 201 U.S. at 121 (a right of review arises from a contempt order to enforce an order compelling discovery); *Willis v. Duke Power Co.*, 291 N.C. 19, 229 S.E. 2d 191 (1976) (both civil and criminal contempt orders are immediately appealable).

Orders denying discovery, of course, need no Rule 37 sanctions for enforcement. They are appealable if they affect a substantial right of the party requesting discovery. *Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 271 S.E. 2d 522 (1980); *Tennessee-Carolina Trans. Co. v. Strict Corp.*, 291 N.C. 618, 625, 231 S.E. 2d 597, 601 (1977) (order denying a deposition of an out-of-state witness did affect a substantial right); *Starmount Co. v. City of Greensboro*, 41 N.C. App. 591, 255 S.E. 2d 267, *disc. review denied*, 298 N.C. 300, 259 S.E. 2d 915 (1979) (trial court's denial of a motion to compel plaintiff to answer certain interrogatories did not affect a substantial right because the interrogatories were redundant).

While the appellate court has discretionary review over interlocutory appeals and may treat such an appeal as a petition for writ of certiorari and address the merits, *Industrotech Constructors v. Duke University*, 67 N.C. App. 741, 742-43, 314 S.E. 2d 272, 274 (1984), we decline to treat this appeal as a writ of certiorari.

Appeal dismissed.

Chief Judge HEDRICK and Judge JOHNSON concur.