HARBOUR POINT HOMEOWNERS' ASSOCIATION, INC., BY AND THROUGH ITS BOARD OF DIRECTORS, INDIVIDUALLY AND IN ITS REPRESENTATIVE CAPACITY ON BEHALF OF ITS MEMBERS, PLAINTIFF v. DJF ENTERPRISES, INC., FORREST DEVELOPMENT COMPANY, INC.; DAVY GROUP CONSTRUCTION, INC.; WRANGELL HOMES, INC., HPPI INVESTMENTS, LLC, COASTAL ROOFING COMPANY, INC., GEORGIA-PACIFIC CORPORATION, AND CRAFTMASTER MANUFACTURING, INC., DEFENDANTS

No. COA09-1545

(Filed 3 August 2010)

**1. Appeal and Error— interlocutory orders and appeal—Rule 54(b) certification improper—substantial right—writ of certiorari review denied**

The Court of Appeals elected not to grant *certiorari* review of plaintiff's appeal from an interlocutory order granting, in part, defendant's motion seeking return of certain privileged documents that it inadvertently provided to plaintiff during discovery.

**2. Appeal and Error— preservation of issues—additional issues not addressed—mootness**

The Court of Appeals declined to address additional issues raised by plaintiff since it concluded the trial court's interlocu-

HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.

[206 N.C. App. 152 (2010)]

tory order was not subject to immediate review. Further, the issue of whether the trial court should have allowed plaintiff to depose witnesses during the pendency of *Harbour Point I* was moot.

Appeal by plaintiff from order entered 15 May 2009 by Judge Richard T. Brown in New Hanover County Superior Court. Heard in the Court of Appeals 26 April 2010.

*Block, Crouch, Keeter, Behm & Sayed, L.L.P., by Auley M. Crouch, III, and Christopher K. Behm, for Plaintiff-Appellant.*

*Johnston, Allison & Hord, P.A., by Martin L. White, and Robert L. Burchette, for Defendant-Appellee.*

ERVIN, Judge.

Plaintiff Harbour Point Homeowners' Association, Inc., appeals from an order granting, in part, a motion by Defendant Georgia-Pacific Corporation seeking the return of certain documents that Defendant inadvertently provided to Plaintiff during discovery. After careful consideration of the record in light of the applicable law, we conclude that Plaintiff's appeal has been taken from an unappealable interlocutory order and should be dismissed.

## I. Factual Background

Plaintiff is a non-profit corporation organized for the purpose of representing homeowners in Harbour Point, which is a development comprised of ninety town homes located in New Hanover County, North Carolina. On 22 February 2008, Plaintiff filed a lengthy complaint[1] seeking damages from eight defendants, each of whom had some role in the development or construction of Harbour Point. According to Plaintiff's complaint, there were "substantial and numerous latent defects" in the buildings that made up Harbour Point. As a result, Plaintiff asserted the following claims:

1.  A negligence claim against DJF Enterprises, Forrest Development Company, Davy Group Construction, Wrangell Homes, HPPI Investments, and Coastal Roofing.

---

1. On 29 April 2008, Plaintiff filed a motion to amend its complaint. On 9 May 2008, the parties signed a consent order allowing the requested amendment, which was filed on 12 May 2008. Plaintiff's amendment did not alter its claims against Defendant in any way.

2. A negligence *per se* claim against DJF Enterprises, Forrest Development Company, Davy Group Construction, Wrangell Homes, HPPI Investments, and Coastal Roofing.

3. A breach of implied warranties claim against DJF Enterprises and Forrest Development Company.

4. A breach of implied warranties claim against DJF Enterprises and Davy Group Construction.

5. A breach of implied warranties claim against Wrangell Homes.

6. A breach of implied warranties claim against DJF Enterprises, HPPI Investments, and Forrest Development Company.

7. A breach of contract claim against DJF Enterprises.

8. A negligent misrepresentation claim against DJF Enterprises.

9. An alternative claim seeking to pierce the corporate veils of Forrest Development Company, Davy Group Construction and HPPI Investments.

10. A breach of express warranty claim against Georgia-Pacific Corporation.

11. An alternative claim seeking damages as third-party beneficiary under Georgia-Pacific Corporation's warranty.

12. A negligence claim against Georgia-Pacific Corporation.

13. A product liability claim pursuant to N.C. Gen. Stat. § 99B-1 *et. seq.* against Georgia-Pacific Corporation.

14. A breach of express warranty claim against CraftMaster Manufacturing.

15. A third-party beneficiary claim against CraftMaster Manufacturing.

16. A negligence claim against CraftMaster Manufacturing.

17. A product liability claim pursuant to N.C. Gen. Stat. § 99B-1 *et. seq.* against CraftMaster Manufacturing.

Defendant is a corporation engaged in the manufacture and sale of building materials. In its complaint, Plaintiff alleged that Defendant had previously manufactured a building material known as

"PrimeTrim," which was used in the construction of some of the Harbour Point town homes; that PrimeTrim had numerous defects; and that the use of PrimeTrim in town homes located at Harbour Point had resulted in damage to buildings and common areas within Harbour Point. As a result, Plaintiff alleged that it was entitled to relief from Defendant under four different legal theories based upon the allegedly defective nature of PrimeTrim.

On 11 June 2008, this case was designated an exceptional case by the Chief Justice and assigned to Judge John W. Smith. On 30 October 2008, Defendant "filed a motion to compel arbitration and stay litigation of [Plaintiffs'] claims against [Defendant, and on]. . . 20 November 2008, the trial court entered an order denying [Defendant's] motion to compel arbitration and to stay litigation[.]" *Harbour Point Homeowners' Ass'n v. DJF Enters.*, —— N.C. App. ——, ——, 688 S.E.2d 47, 49, *disc. review denied*, —— N.C. ——, ——, S.E.2d —— (2010) (*Harbour Point I*). In light of Defendant's appeal from the denial of its motion to compel arbitration, this case was stayed until 5 January 2010, when this Court filed its opinion in *Harbour Point I* affirming the trial court's order.

This appeal arises from a dispute stemming from the discovery process. On 9 April 2008, Plaintiff served Defendant with Interrogatories and Requests for Production of Documents. Between 15 August 2008 and 8 October 2008, Defendant provided discovery responses to Plaintiff. On 30 January 2009, Defendant wrote to Plaintiff for the purpose of requesting that several documents provided during discovery be returned on the grounds that Defendant had inadvertently delivered privileged documents to Plaintiff. After Plaintiff disagreed with Defendant's characterization of the documents as privileged and refused to return them, Defendant filed an amended motion for a protective order and for an order compelling Plaintiff to return the documents on 27 February 2009. On 4 March 2009, Plaintiff filed motions seeking the entry of orders issuing commissions allowing Plaintiff to depose certain defense witnesses during the pendency of Defendant's appeal.

On 6 March 2009, a hearing was conducted concerning Defendant's motion for the entry of a protective order and for recall of privileged documents and Plaintiff's motion for commissions to take depositions.[2] On 15 May 2009, the trial court entered an order granting Defendant's motion for recall of certain documents in part and

---

2. A portion of the 6 March 2009 hearing was held *in camera*.

denying Plaintiff's motion for the issuance of commissions to take depositions. Plaintiff noted an appeal to this Court from the trial court's order.

## II.  Legal Analysis

### A.  Interlocutory Nature of Appeal

[1]  An order is either "interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2009). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The order from which Plaintiff has appealed directs Plaintiff to return a document that Defendant provided during discovery and denies Plaintiff's motion for the issuance of commissions allowing the taking of depositions during the pendency of Defendant's earlier appeal. Since the order from which Plaintiff has appealed "does not dispose of the case," it is interlocutory. "Ordinarily, an appeal will lie only from a final judgment." *Steele v. Moore-Flesher Hauling Co.*, 260 N.C. 486, 491, 133 S.E.2d 197, 201 (1963) (citing *Perkins v. Sykes*, 231 N.C. 488, 490, 57 S.E.2d 645, 646 (1950)). As a result, we must first consider whether Plaintiff is entitled to appellate review of this interlocutory order.

### B.  Certification

On appeal, Plaintiff first asserts that "[t]he [trial court's order was] certified [for] immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure." N.C. Gen. Stat. § 1A-1, Rule 54(b), provides, in pertinent part, that:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal[.]

Plaintiff does not contend that the trial court has entered a "final judgment" with regards to any party or claim. "[T]he trial court may not, by certification, render its decree immediately appealable if '[it] is not a final judgment.' " *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quoting *Lamb v. Wedgewood South Corp.*,

308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983), and citing *Tridyn Indus. v. American Mut. Ins. Co.* 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979)).[3] As a result, since the order in question was not a final judgment with respect to any claim or party, we conclude that the trial court's order was not subject to certification for immediate review pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), and that no immediate appeal from the trial court's order is available on this basis.

### C. Substantial Right

Next, Plaintiff argues that it is entitled to immediate review of the trial court's order because its appeal has been taken from "an interlocutory order affecting a substantial right as described in N.C. Gen. Stat. § § 1-277 and 7A-27(d)(1) and as recognized in *Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 271 S.E.2d 522 (1980)." After carefully reviewing Plaintiff's arguments, we conclude that Plaintiff's argument lacks merit.

N.C. Gen. Stat. § 1-277(a) provides that an "appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding[.]" Similarly, N.C. Gen. Stat. § 7A-27(d) allows an appeal to be taken from an "interlocutory order or judgment" that "[a]ffects a substantial right[.]" As a result, the ultimate issue which must be resolved in order for us to determine whether we are entitled to decide Plaintiff's claims on the merits is whether Plaintiff has demonstrated that the trial court's order affects one of its substantial rights.

" 'A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.' " *Musick v. Musick*, — N.C. App. —, —, 691 S.E.2d 61, 63 (2010) (quoting *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 262 (2001) (internal quotations and citation omitted)). "Examples of what has been determined to affect a substantial right include: (1) the State's capacity to be sued; (2) the possibility of inconsistent verdicts for different parties; and (3) a class representative's discontinuance in a potentially meritorious suit." *Hoke County*

---

3. In addition, the record reflects that the trial court did not attempt to certify the appeal for immediate review, since it did not state that its order was "a final judgment as to one or more but fewer than all of the claims or parties" or that "there is no just reason for delay." N.C. Gen. Stat. § 1A-1, Rule 54(b). Instead, the court simply "certifie[d]" that "there is a contention by the Plaintiff that this Order affects a substantial right of appeal."

*Bd. of Educ. v. State,* —— N.C. App. ——, ——, 679 S.E.2d 512, 516 (2009) (citing *RPR & Assocs. v. State,* 139 N.C. App. 525, 527-28, 534 S.E.2d 247, 250 (2000), *aff'd,* 353 N.C. 362, 543 S.E.2d 480 (2001); *Bernick v. Jurden,* 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982); and *Perry v. Cullipher,* 69 N.C. App. 761, 762, 318 S.E.2d 354, 356 (1984)).

"In determining whether a substantial right is affected a two-part test has developed—'the right itself must be substantial and the deprivation of that substantial right must potentially work injury to [appellant] if not corrected before appeal from final judgment.'" *Estate of Redden v. Redden,* 179 N.C. App. 113, 116, 632 S.E.2d 794, 797 (2006) (quoting *Goldston v. American Motors Corp.,* 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)). However:

> A party is not permitted to appeal an interlocutory order because they believe that the ruling places them at a tactical disadvantage[.] . . . To be appealable, the appellant must be able to clearly articulate why the order affects a substantial right[.] . . . The reason for this rule was set forth by Justice Ervin in *Veazey v. Durham*:
>
> > 'There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through . . . successive appeals from intermediate orders. The rules regulating appeals . . . forestall the useless delay inseparable from unlimited fragmentary appeals[.]'

*Ford v. Mann,* —— N.C. App. ——, ——, 690 S.E.2d 281, 283 (2010) (citing *Wiggins v. Pyramid Life Ins. Co.,* 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969); and quoting *Veazey,* 231 N.C. at 363-64, 57 S.E.2d at 382)). The appellant has the burden of showing that an interlocutory order is immediately appealable:

> It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citing *GLYK and Associates v. Winston-Salem Southbound Railway Co.,* 55 N.C. App. 165, 170-71, 285 S.E.2d 277, 280 (1981)); *see also* N.C. R. App. P. 28(b)(4) (2009) (requiring the appellant to include in his or her brief "[a] statement of grounds

for appellate review," which "shall include citation of the statute or statutes permitting appellate review" and which, in the case of an appeal from an interlocutory order, "must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right")).

"An order regarding discovery matters is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *In re Will of Johnston*, 157 N.C. App. 258, 261, 578 S.E.2d 635, 638 (2003), *aff'd*, 357 N.C. 569, 597 S.E.2d 670 (2003) (citing *Sharpe*, 351 N.C. at 163, 522 S.E.2d at 579). Plaintiff makes no mention of this general rule in its brief. In addition, Plaintiff does not "identify what right is at issue or why any substantial right would be jeopardized without immediate review of the trial court's order." *Wilfong v. N.C. DOT*, 194 N.C. App. 816, 818, 670 S.E.2d 331, 333 (2009). Instead, Plaintiff argues that it is entitled to immediate review of the trial court's order based upon our decision in *Dworsky*, 49 N.C. App. at 447-48, 271 S.E.2d at 523, in which we stated that:

> [If] the desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly material to a determination of the critical question to be resolved in the case, an order denying such discovery does affect a substantial right and is appealable.

(citing *Tennessee-Carolina Transportation, Inc. v. Strick Corp.* 291 N.C. 618, 231 S.E.2d 597 (1977); and *Starmount Co. v. City of Greensboro*, 41 N.C. App. 591, 255 S.E.2d 267, *disc. review denied*, 298 N.C. 300, 259 S.E.2d 915 (1979)). An examination of the information contained in the record convinces us, however, that Plaintiff is not entitled to immediate review of the trial court's order under the principle enunciated in *Dworsky*.[4]

Although the trial court ordered Plaintiff to return several documents, Plaintiff only challenges the trial court's ruling concerning two

---

4. As an aside, *Dworsky* addressed the appealability of an order <u>denying</u> a party's motion seeking discovery, while Plaintiff appeals from an order <u>granting</u> Defendant's motion for return of a previously-disclosed document. Although the discussion of the appealability issue in the text assumes that *Dworsky* applies to the appealability of orders requiring the return of documents that had already been produced in discovery in addition to orders denying requests for discovery, we do not wish to be understood as having decided this issue and have only assumed *Dworsky's* applicability to such situations for purposes of discussion.

pages of a single memo in its appeal to this Court. According to Plaintiff, the trial court's order that Plaintiff return the memo in question affects a substantial right because the memo establishes that, "despite [Defendant's] actual and constructive knowledge that PrimeTrim was defective," Defendant "continued to distribute and market PrimeTrim" after Defendant "was aware, or in the exercise of ordinary care should have known, that PrimeTrim posed a substantial risk of harm to a reasonably foreseeable user or consumer[.]" As a result, Plaintiff asserts that, "[i]n general terms, the [trial court's order] meets the first, materiality requirement for allowing this interlocutory appeal, as set forth in *Dworsky*" on the grounds that the memo "establishes what [Defendant's] employees, outside product testers, and experts knew about the adequacy of the PrimeTrim product and when they knew it."

In addition, Plaintiff argues that "[t]his appeal satisfies the second *Dworsky* element" because "[d]elay of trial would not have resulted from either ruling by the trial court in March, 2009 because [Plaintiff's] causes of action against [Defendant] in this action have been and, as of the filing of this brief, remain, stayed by the trial court since November, 2008[5] pending [Defendant's] interlocutory appeal of the Order Denying Arbitration." "[A]lternatively, [Plaintiff argues that it] could have completed the depositions sought through its motions for commissions to take depositions during the nine (9) months which have elapsed since [the] hearing [concerning Defendant's] Recall Motion and while the parties have otherwise been awaiting an outcome of [Defendant's] interlocutory appeal in" *Harbour Point I*. Plaintiff also argues that "[a]llowing retention of [the memo] would have prevented the need to conduct voluminous depositions, likely in several other states, seeking to establish the very information conclusively established in these two (2) pages." Finally, Plaintiff argues that "allowing the requested commissions to take depositions would have resulted in no additional annoyance, embarrassment, oppression, or undue burden or expense to [Defendant], because these depositions will need to be taken eventually in the event that the document recall portion of the [trial court's order] is, *arguendo*, upheld by this Court on appeal. As a result, Plaintiff contends that it has satisfied both prongs of the *Dworsky* test. We disagree.

A careful reading of *Dworsky* indicates that this Court's opinion in that case did not state that mere "materiality" was the standard

_____

5. Pending issuance of this Court's mandate in COA09-527 on January 25, 2010 (footnote in the original quotation).

**HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.**

[206 N.C. App. 152 (2010)]

that a party had to meet in order to obtain immediate review of an interlocutory discovery order. Instead, *Dworsky* stated that denial of a discovery motion could affect a substantial right if "the information desired is <u>highly material</u> to a determination of <u>the critical question to be resolved</u> in the case[.]" *Dworsky*, 49 N.C. App. at 448, 271 S.E.2d at 523 (emphasis added). Thus, in order to meet the "materiality" prong of the *Dworsky* test, Plaintiff must establish that the memo in question is "highly material" to the "critical question to be resolved in the case."

Although Plaintiff contends that the memo shows that Defendant knew of the existence of defects in PrimeTrim prior to its installation at Harbour Point and that this fact establishes the memo's materiality under the *Dworsky* test, we are simply not persuaded by Plaintiff's argument. The disputed document consists of two pages from a four page memo[6] which was provided to counsel for Defendant and to certain of Defendant's employees. The memo generally tends to show that, in 1998, a university professor in the field of wood science made six written comments about characteristics of PrimeTrim, the appropriate use of PrimeTrim, and suggestions for improving PrimeTrim. His comments are presented as general conclusions, each of which is followed by a brief response from one of Defendant's employees, most of which are in basic agreement with the relevant comment by the professor. In assessing the importance of the memo to Plaintiff's claims, it is significant that the memo:

1. Does not include any information about the professor's background or qualifications;

2. Does not identify the field or fields, if any, in which the professor might be qualified as an expert;

3. States the professor's opinions in conclusory form, without providing any supporting facts;

4. Does not include any information about the basis for the professor's opinions; for example, there is no indication as to whether his opinions were based on his discussions with others, his review of academic literature, any testing of PrimeTrim samples he or others may have performed, or some other source of information;

---

6. The discussion of the document that lies at the heart of the present dispute in the text is couched in very general terms in order to avoid disclosure of information that the trial court deemed protected.

5. Does not include (assuming that the professor based his opinions on testing performed on PrimeTrim samples, to a greater or lesser extent), any information as to:

    a. The size and number of PrimeTrim samples that were tested;

    b. Whether the samples had the same composition as the PrimeTrim used at Harbour Point;

    c. What tests were performed; or

    d. The results of these tests.

Thus, the memo contains the opinions of a university professor in the field of wood science, unsupported by factual information concerning his qualifications, the basis for his opinions, the literature he reviewed, the testing he conducted, or the results of any such testing.[7] We conclude that, because the memo contains only conclusory statements of opinion, it does not "establish[] what [Defendant's] employees, outside product testers, and experts knew about the adequacy of the PrimeTrim product and when they knew it."

In addition, as we have already discussed, Plaintiff has asserted the following claims against Defendant: (1) breach of express warranty; (2) an alternative claim that Plaintiff is a third-party beneficiary of Defendant's PrimeTrim warranty; (3) a negligence claim; and (4) a product liability claim brought pursuant to N.C. Gen. Stat. § 99B-1 et. seq.[8] A claim for breach of express warranty pursuant to N.C. Gen. Stat. § 25-2-313 requires proof of "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant." Hall v. T.L. Kemp Jewelry, Inc., 71 N.C. App. 101, 104, 322 S.E.2d 7, 10 (1984) (citing Pake v. Byrd, 55 N.C. App. 551, 286 S.E.2d 588 (1982).[9] A claim for breach

---

7. In addition to the informational deficiencies cited in the text, Plaintiff has not directed us to other documents in the record that reference the memo and supply this information.

8. Plaintiff's claim against Defendant pursuant to N.C. Gen. Stat. § 99B-1 et seq. is, in reality, a claim for breach of the implied warranties of merchantability and fitness for a particular purpose.

9. Plaintiff's third party beneficiary claim is simply an alternative method of attempting to hold Defendant liable under the express warranty that Defendant provided in connection with sales of PrimeTrim. Michael v. Huffman Oil Co., Inc., 190 N.C. App. 256, 269, 661 S.E.2d 1, 10 (2008), disc. review denied, 363 N.C. 129, 673 S.E.2d 360 (2009) (stating that, "[i]n order to assert rights under a contract as third-

**HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.**

[206 N.C. App. 152 (2010)]

of the implied warranty of merchantability pursuant to N.C. Gen. Stat. § 25-2-314 requires a plaintiff to prove "first, that the goods bought and sold were subject to an implied warranty of merchantability; second, that the goods did not comply with the warranty in that the goods were defective at the time of sale; third, that his injury was due to the defective nature of the goods; and fourth, that damages were suffered as a result." *Cockerham v. Ward*, 44 N.C. App. 615, 624-25, 262 S.E.2d 651, 658 (1980) (citing *Tennessee-Carolina Transportation, Inc. v. Strick Crop.*, 286 N.C. 235, 210 S.E.2d 181 (1974), and *Burbage v. Atlantic Mobilehome Suppliers Corp.*, 21 N.C. App. 615, 205 S.E.2d 622 (1974). Similarly, a claim for breach of the implied warranty of fitness for a particular purpose requires proof that "the seller at the time of contracting ha[d] reason to know of any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods[.]" N.C. Gen. Stat. § 25-2-315. Finally, "the essential elements of a suit for products liability" sounding in negligence that require proof are "a standard of care owed by the reasonably prudent person in similar circumstances," "breach of that standard of care," "injury caused directly or proximately by the breach," and "loss because of the injury." *Warren v. Colombo*, 93 N.C. App. 92, 96, 377 S.E.2d 249, 252 (1989). Although evidence that Defendant knew that PrimeTrim had defects prior to its installation at Harbour Point might assist in establishing Plaintiff's claims based in negligence and implied warranty, nothing in our review of the elements of the claims that Plaintiff has asserted against Defendant indicates that such prior knowledge is essential to the successful assertion of any of those claims. Simply put, Plaintiff has failed to identify the claim or claims with respect to which it is "critical" to establish "what [Defendant's] employees . . . knew about the adequacy of the PrimeTrim product and when they knew it" and we have not identified any such claims during the course of our own research. Finally, assuming that such knowledge is "the critical question" with respect to one or more of Plaintiff's claims against Defendant, we conclude that the memo at issue would not contribute significantly to determination of the issue. As a result, for all of these reasons, we conclude that the memo addressed in the trial court's order does not contain information that is "highly material to a determination of the critical question to be resolved in the case[,]"

party beneficiaries, plaintiffs must show: '(1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]' ") (quoting *Spaulding v. Honeywell Int'l, Inc.*, 184 N.C. App. 317, 325, 646 S.E.2d 645, 651, *disc. review denied*, 361 N.C. 696, 654 S.E.2d 482 (2007).

*Dworsky,* 49 N.C. App. at 448, 271 S.E.2d at 523, and that the order directing Plaintiff to return the memo to Defendant did not implicate a "substantial right" that will be lost absent immediate review.[10] Thus, Plaintiff is not entitled to an immediate appeal as of right from the trial court's order.

### D.  Alternative Request for Certiorari Review

Finally, Plaintiff requests "this Court to treat its appeal as a petition for *certiorari* pursuant to Rules 2 and 21 of the North Carolina Rules of [Appellate] Procedure." N.C.R. App. P. 21 provides, in pertinent part, that a "writ of *certiorari* may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when . . . no right of appeal from an interlocutory order exists." According to N.C.R. App. P. 21:

(b) Application for the writ of *certiorari* shall be made by filing a petition therefor with the clerk of the court of the appellate division to which appeal of right might lie from a final judgment[.]

(c) . . . The petition shall be filed without unreasonable delay and shall be accompanied by proof of service upon all other parties. . . . The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the reasons why the writ should issue; and certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition.

Plaintiff has not complied with the procedural provisions of N.C. App. P. 21, *see Rauch v. Urgent Care Pharm., Inc.,* 178 N.C. App. 510, 515, 632 S.E.2d 211, 216 (2006), and has not offered any explanation for its failure to do so. Instead, Plaintiff cites N.C. R. App. P. 2, which provides that, "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may . . . suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative[.]" However:

---

10. Plaintiff also "directs the Court to and incorporates herein, its additional materiality arguments reflected in the sealed, *in camera* portions of the trial court hearing transcript from March 6, 2009." We have carefully reviewed the transcript to which Plaintiff has directed our attention and conclude that it does not provide any support for Plaintiff's appealability argument over and above that contained in the relevant portions of Plaintiff's brief.

**HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.**

[206 N.C. App. 152 (2010)]

Rule 2 must be applied cautiously . . . [and] relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances.'

*State v. Hart*, 361 N.C. 309, 315-16, 644 S.E.2d 201, 205 (2007) (quoting *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999)). Although we have the authority, in the exercise of our discretion, to treat the record on appeal and briefs as a petition for writ of certiorari pursuant to N.C. R. App. P. 21, to grant the petition, and to review the Plaintiff's challenge to the trial court's order on the merits, see *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (holding "that Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by *certiorari* even if the party has failed to file notice of appeal in a timely manner"), we elect not to exercise our discretion in this fashion in this case given the general policy against the piecemeal review of interlocutory orders enunciated in *Veazey* and the absence of any compelling reason to depart from our general policy of declining to grant *certiorari* in order to entertain such appeals in this case. As a result, we conclude that Plaintiff's alternative request for *certiorari* review of its challenge to the trial court's order should be denied.

### E. Other Issues

**[2]** Plaintiff also argues on appeal that (1) the memo that was the subject of the trial court's order is not protected by attorney-client privilege or work product privilege; (2) Defendant waived any privileges that might be applicable to the memo; and (3) the trial court erred by failing to rule that Plaintiff was entitled to discovery of the memo under N.C. Gen. Stat. § 1A-1, Rule 26(b). However, as we have concluded that the trial court's order is not subject to immediate review, we do not reach these issues. In addition, Plaintiff argues that the trial court erred by denying its motion for the issuance of an order allowing it to take depositions during the pendency of Defendant's appeal from the denial of its motion to compel arbitration. However, this Court issued its opinion in that appeal on 5 January 2010[11] and the Supreme Court declined to allow further review of our decision on 16 June 2010. Accordingly, the issue of

---

11. N.C. R. App. P. 32(b) provides, in pertinent part, that the "clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk." Accordingly, the mandate in *Harbour Point I* issued on 26 January 2010.

whether the trial court should have allowed Plaintiff to depose witnesses during the pendency of *Harbour Point I* is now moot and need not be addressed further.

### III.  Conclusion

As a result, for the reasons discussed above, we conclude that Plaintiff is not entitled to immediate review of the trial court's order; that we will not, in the exercise of our discretion, grant Plaintiff's alternative request for the issuance of a writ of *certiorari* to permit review of the trial court's order; and, given that this Court has now issued its opinion in *Harbour Point I* and that the Supreme Court has refused to review our decision in that case, Plaintiff's challenge to the trial court's refusal to issue commissions authorizing Plaintiff to depose certain witnesses during the pendency of Defendant's earlier appeal is now moot. Thus, Plaintiff's appeal should be, and hereby is, dismissed.

DISMISSED.

Chief Judge MARTIN and Judge JACKSON concur.